JOHN KERWIN *vs.* DWIGHT M. SABIN.

Argued June 9, 1892. Decided July 1, 1892.

**Limitation of Actions—Nonresidence.**

> A defendant *held* not to have *resided* out of this state, so as to have interrupted the running of the statute of limitations; the circumstances being that, having an established residence and home here, he was elected to the United States senate, and during the sessions of congress he left his home in the occupancy of his servants, and, taking his family to Washington, kept house there in rented premises, without intending to change his residence. In the intervals between the sessions of congress he returned to and occupied his home here.

Appeal by plaintiff, John Kerwin, from an order of the District Court of Washington County, *Williston,* J., made January 13, 1892, denying his motion for a new trial.

June 20, 1882, plaintiff owned a certificate for one hundred shares, $50 each, of preferred capital stock of the Northwestern Manufacturing and Car Company, and deposited it with the company as collateral security for the payment of his note to the company for $4,000 and interest. Defendant Dwight M. Sabin, was president of the company. It became insolvent, and on May 10, 1884, a receiver of its property was appointed by the District Court, under 1878 G. S. ch. 76, § 9. Plaintiff discovered on May 26, 1884, that defendant had illegally sold the stock at some previous time. This action was commenced in August, 1890. At the trial these facts were shown. Plaintiff then called the defendant as a witness, and by him proved his election to the Senate of the United States, and his absence from this state in the performance of his duties as senator. The court, on motion of defendant, dismissed the action on the ground that it was barred by 1878 G. S. ch. 66, §§ 6, 15. Plaintiff moved on a bill of exceptions, for a new trial.

*C. D. & Thos. D. O'Brien,* for appellant.

The question was one of fact, and should have been submitted to the jury. *Venable* v. *Paulding,* 19 Minn. 488, (Gil. 422;) *Ware* v.

*Gowen*, 111 Mass. 526; *Hedges* v. *Jones*, 63 Ia. 573; *Satterthwaite* v. *Abercrombie*, 24 Fed. Rep. 543; *Barney* v. *Oelrichs*, 138 U. S. 529; *Pells* v. *Snell*, 130 Ill. 379; *Lane* v. *National Bank of Metropolis*, 6 Kan. 79.

*Clapp & McCartney*, for respondent.

The plaintiff's cause of action accrued on the 26th day of May, 1884, if not before. This action was not commenced until some time in the month of August, 1890. The only question presented is whether the fact that after that time Sabin was absent from the state, in all more than three months, under the circumstances disclosed, would prevent the running of the statute of limitations. *Venable* v. *Paulding*, 19 Minn. 488, (Gil. 422;) *Campbell* v. *White*, 22 Mich. 178; *People* v. *McCausey*, 65 Mich. 72; *Langdon* v. *Doud*, 6 Allen, 423.

DICKINSON, J. This is an action to recover for an alleged conversion of corporate stock belonging to the plaintiff. The plaintiff discovered the fact complained of in May, 1884, but the action was not commenced until August, 1890, more than six years thereafter. Upon the facts disclosed at the trial, and now presented by a bill of exceptions, the court dismissed the action without submitting it to the jury, for the reason that it was considered that the action was barred by the statute of limitations. The evidence upon which the applicability of the statute of limitations is to be determined consisted only of the testimony of the defendant, by which the facts were shown without controversy. They may be thus stated:

About the time the cause of action accrued the defendant was elected to represent the state of Minnesota as one of its senators in the senate of the United States. For many years he had resided at Stillwater, in this state, owning the house which constituted his homestead. Upon his election to the senate he rented a house in Washington, and during the greater part of the sessions of congress he kept house with his family in such rented premises, but returning with his family and resuming the occupancy of his homestead during the intervals between the sittings of congress. The furniture

was not removed from his house in Stillwater, but during such absence of the family therefrom servants were left in occupancy of it. Such absences of the defendant and his family from the state extended over about one half of each year. Only to that extent, and under such circumstances, does there appear to have been any interruption of his residence with his family in their former home. The defendant always voted here, and had no intention of changing his residence; and it was only because his duties in congress required him to be in Washington while congress was in session that he had his family there, living in the manner stated.

The statute the applicability of which is in question (1878 G. S. ch. 66, § 15) provides that, if after the cause of action accrues, the debtor "departs from and resides out of the state, the time of his absence is not part of the time limited for the commencement of the action." The question before us is whether the defendant could be deemed to have *resided* out of this state, within the meaning of this statute, while he was thus living with his family in Washington.

The case would not have justified the conclusion that the defendant's residence was in Washington, and not in Minnesota, within the meaning of the statute, and hence the ruling of the court was right. Prior to his going to congress, the defendant's residence, in every sense of the term, was in this state. His established, permanent home and abiding place and his legal domicile were here. To suspend the running of the statute of limitations, it would not be enough that the debtor, thus resident here, should depart from and remain for some time out of the state. "Departs from *and resides out of* the state" is the language of the statute. This necessarily imports, in the case of one having an established residence here, a *change* of residence, and the taking up of an actual residence, as distinguished from a temporary sojourn elsewhere. *Venable* v. *Paulding,* 19 Minn. 488, (Gil. 422,) and cases cited. The defendant cannot fairly be said to have ceased to reside in Minnesota, or to have made Washington his place of residence, under the circumstances stated. Had he boarded with his family at an hotel or elsewhere in Washington during the sessions of congress, his home here being left as it was, and his actual occupancy of it being maintained

during the rest of the time, as was done, there could have been but little reason for a claim of a change of residence. But in view of the uncontradicted facts as to the reason of his being in Washington, and as to the continued maintenance and the occupancy of his former home here, the fact of his keeping house with his family in rented premises in Washington during the sittings of congress is of little significance as respects the question involved. His residence here, in the ordinary sense of the term, was not relinquished, and a new residence acquired in Washington. His former home continued to be "the house of his usual abode," and by the terms of our statute, (1878 G. S. ch. 66, § 59,) under the circumstances shown by the evidence, a summons might have been served by leaving a copy there, and an action be thereby effectually commenced against him. He resided there each year, with his family, except when, during the sessions of congress, his duties as a representative of this state required him to be in Washington. These absences were not permanent or continuous, but rather temporary, and reasonably incident to the discharge of public duties to this state, which unquestionably continued to be his domicile. While the periods of absence were somewhat extended, they were no more so than his representative duties to the state of his legal domicile required, and he habitually returned to and occupied his home here when such duties did not require him to be in Washington. There was no intention to discontinue his residence here, or to acquire one elsewhere; and it is clear, from the unquestioned facts, that he cannot be deemed to have done so.

Order affirmed.

(Opinion published 52 N. W. Rep. 642.)