MARGARET L. BERRYHILL v. JOHN S. SEPP.[1]

January 8, 1909.

Nos. 15,963—(98).

**Service of Summons.**

In the case of a married man, the "house of his usual abode," at which substituted service of a summons may be made by leaving a copy with a person of suitable age and discretion resident therein, is prima facie the house wherein his wife and family reside.

**Same—After Separation of Husband and Wife.**

In this case the summons was' served on the daughter of the defendant, at the house of her mother, who for some months had lived separate and apart from her husband on premises upon which he had never been and after he had become a resident of Montana. It is *held* that the summons was not properly served.

**Same—House of Usual Abode.**

The term "at the house of usual abode," as applied to service of summons, means one's fixed place or residence for the time being; the place where defendant is actually living at the time when service is made.

Action in the district court for Ramsey county to recover $1,200 for professional services performed by plaintiff's assignor at the request of defendant. Judgment was entered by default on December 24, 1907. On March 19, 1908, defendant appearing specially and moving to set aside the attempted service of summons and complaint and to vacate the judgment on the ground that defendant never obtained jurisdiction of him, obtained an order to show cause. The substance of the moving affidavits is given in the last paragraph of the opinion. On the return day, plaintiff moved for the discharge of the order to show cause. From an order granting defendant's motion, declaring the service of the summons and complaint void, and vacating the judgment, Kelly, J., plaintiff appealed. Affirmed.

*Harry Weiss* and *Charles J. Berryhill,* for appellant.
*Franklin H. Griggs,* for respondent.

[1] Reported in 119 N. W. 404.

JAGGARD, J.

Summons in this action was served upon the defendant by the sheriff, according to his return, "by then and there handing to and leaving a true and correct copy thereof at the house of * * * usual abode with [a daughter of defendant], a person of suitable age and discretion then residing therein." Judgment by default was entered.. On motion the court set aside the service and vacated the judgment. The only question in this case is whether the summons was served upon the defendant at the house of his usual abode.

It appeared that the daughter advised the father of the service of the summons. Proof, however, of knowledge of an attempt at personal service or at substituted personal service is not proof of service. The service must accord strictly with statutory requirements. If, for example, a summons were in fact served on the wrong person, and that person handed it to the proper defendant, there would be no service. By parity of reasoning, if a summons should be left at a house which was not the usual abode of the person, by leaving it with some person of suitable age and discretion then residing therein, and that person subsequently delivered it to the proper defendant, the service there is not substituted service. See Bausman v. Tilley, 46; Minn. 66, 48 N. W. 459.

The only remaining controversy is whether in fact the summons was left "at the house of * * * usual abode" of the defendant. As used in this sense, "abode" means one's fixed place of residence for the time being. In such connection "abode" and "residence" may be synonymous. State v. Toland, 36 So. C. 515, 15 S. E. 599, 600; Du Val v. Johnson, 39 Ark. 182, 192; Walker v. Stevens, 52 Neb. 653, 72 N. W. 1038. But ordinarily "usual place of abode" is a much more restricted term than "residence," and means the place where the defendant is actually living at the time when service is made. Mygatt v. Coe, 63 N. J. L. 510, 44 Atl. 198, 199. Service at the dwelling house of defendant, which is not described as his usual place of abode, is not sufficient. Ser v. Bobst, 8 Mo. 506, 507. The purpose of the use of the term in an act relating to the service of process has primary reference to the place where the defendant is usually to be found. Haslope v. Thorne, 1 Maule & S. 103, 104; Blackwell v. England, 8 El. & Bl. 541, 549. Therefore "usual place of abode" means "present

place of abode." Earle v. McVeigh, 91 U. S. 503, 23 L. Ed. 398; Madison v. Suman, 79 Mo. 527, 530. Accordingly, if the defendant be confined in a jail, it is his usual place of abode within the statute, although his residence was compulsory. See Appeal of Dunn, 35 Conn. 82, 88. And see Swift v. Meyers (C. C.) 37 Fed. 37, 40. As defined in this state, the term means the customary or settled place of residence. In the case of a married man, the "house of his usual abode" is prima facie the house wherein his wife and family reside. Missouri, K. & T. T. Co. v. Norris, 61 Minn. 256, 63 N. W. 634.

Accordingly the question in this case is whether that presumption is sufficiently rebutted. We are of the opinion that the trial court properly held that it was. The affidavit of the wife was to the effect that she had lived separate and apart from the defendant since about June, 1907; that she had rented the premises where the copy of the summons was left, and paid the rent thereof herself from her own separate funds, and had occupied it with her daughters; that her husband had never resided at the premises in question, and had never been upon them to her knowledge; and that she believed he had been a resident of Montana since July. Her daughter made affidavit to the same effect. Defendant's affidavit also set forth that he had been a resident of Montana since July. The place of service was not where plaintiff was actually living at the time. He could not have been found there. It had never been his abode. His "present place of abode" was in Montana. This was not, accordingly, a mere temporary sojourn away from an established residence, to which a return was contemplated. See Sanders v. Greenstreet, 23 Kan. 425, 431; Capehart v. Cunningham, 12 W. Va. 750, 755; Kerwin v. Sabin, 50 Minn. 320, 52 N. W. 642, 17 L. R. A. 225, 36 Am. St. 645. That temporary absence of one having a permanent residence to which he expects to return (Lee v. Macfee, 45 Minn. 33, 47 N. W. 409), or compulsory absence, as of a wife, does not prevent the retention of "usual place of abode" (Bechtel v. Bechtel, 101 Minn. 511, 112 N. W. 883, 12 L. R. A. [N. S.] 1100) is not at all inconsistent with the conclusion that the order of the trial court must be affirmed.

Affirmed.