## SERVICE OF SUMMONS ON A PRISONER IN ANOTHER STATE.

Common Pleas Court of Hamilton County.

JOSEPH WILBUR MURRAY *vs.* GEORGE REMUS.

Decided, November 21, 1924.

*Summons—Residence of Convicts for Purpose of Service on—Summons Left at Former Residence Not a Valid Service, When.*

A federal prisoner, serving a sentence remote from his place of residence at the time of conviction, cannot be served with summons in an action instituted in the county of his conviction, by handing the summons to a member of his family who continue to reside in his former home, where a motion to quash the attempted service is supported by an affidavit in which the prisoner states that he has no intention of ever returning to the state and county of his former home for the purpose of establishing his residence there.

*Lorbach & Garver,* for the motion.
*Matthews & Matthews,* contra.

DARBY, J.

The plaintiff, who is a non-resident of Ohio, brought suit against George Remus for conversion of sixty-five barrels of whiskey.

Summons was issued and returned July 8, 1924, as having been served upon the defendant "at his usual place of residence."

The defendant, specially appearing, moved to quash the service of summons and offered in support thereof his own affidavit and that of his attorney. Remus by his affidavit states "he is not now and has not been since the 24th day of January, 1924, a resident of Cincinnati, Hamilton county, Ohio."

"Affiant further says that from and since the above mentioned date he has been continuously and now is a resident of Fulton county, Georgia, and that he has no present intention of ever returning to the state of Ohio to again become a citizen of said state."

The other affidavit states that Remus is not, and has not been a resident of Cincinnati since January 24, 1924, and further says that from and since said date said Remus is, and continuously has been, a resident of Fulton county, Georgia, having been confined in the Federal Penitentiary at Atlanta, Georgia, from and after said date.

As opposed to these affidavits there was filed an affidavit of one of counsel for the plaintiff, stating that before his incarceration in the Federal Penitentiary at Atlanta, Georgia, defendant lived in Cincinnati, and maintaieed a residence here; that said residence was at the time of service herein occupied by the defendant's wife; that service at said residence was made by leaving a copy thereat; and that defendant is in Fulton county, Georgia, in the enforced custody of the United States Government.

Numerous authorities have been referred to by counsel on the respective sides of this case, but so far as the court is advised the precise question here presented has not been adjudicated.

In *Grant* v. *Dalliver,* vv *Conn.,* 234, the facts seem to be that the defendant, while residing with his family in one county, was sentenced to the state prison located in another county and incarcerated therein. Pending such incarceration his family remained all the time at his dwelling house. During his imprisonment an action was brought against him, and service was made at his usual place of abode in the county where his family resided. It was held in that case that his usual place of abode was in the place where his family lived before his incarceration in the state prison, and as evidence of that, reference is made to the fact that after his release from imprisonment he returned to the home of his family. The court in that case say that his usual place of abode was where his family lived, instead of his temporary place of confinement in another county. Therefore the service was good.

In *Barton* v. *Barton*, 74 Ga., 761, it was held that

"Where a resident of Fulton county was convicted of perjury, sentenced to the penitentiary, and confined in Gilmer

county, this was not a voluntary change of domicile; and if thereafter his wife brought a libel for divorce against him, based on his conviction, Fulton county was the proper venue of the case.''

That is the law of Ohio by statute. To what extent statute comes into the Barton case does not appear.

These are he only cases that have been called to the court's attention where it was held that one sentenced to imprisonment, in a county other than that of his home, was subject to be sued in the county where his family and he lived before his incarceration.

In other cases which have been referred to some light is thrown upon this question by other considerations. In *Smith* v. *Croom et al.*, 7 Fla., page 80, it is said,

''The place where a married man resides is generally to be deemed his domicile, but the presumption from this circumstance may be controlled by other circumstances.''

To the same effect is *Berryhill* v. *Sepp*, 106 Minn., 458 in which it is said,

''In the case of a married man, the 'house of his usual abode,' at which substituted service of a summons may be made by leaving a copy with a person of suitable age and discretion resident therein, is *prima facie* the house wherein his wife and family reside.''

''In this case the summons was served on the daughter of of the defendant, at the house of her mother, who for some months had lived separate and apart from her husband on premises upon which he had never been after he had become a resident of Montana. It is held that the summons was not properly served.''

''The term 'at the house of usual abode,' as applied to service of summons, means one's fixed place of residence for the time being; the place where defendant is actually living at the time when service is made.''

That the expressions ''at his house or usual place of residence'' and ''at his place of abode'' are synonomous, see *State* v. *Toland,* 36 S. Car., 515-519,

Other cases were cited, but do not throw a great deal of light upon the particular question involved. In *Earle* v.

*McCeigh,* 91 U. S., page 503, some significant language is to be found on page 508, as follows:

"When the law provides that notice may be posted on the 'front-door of the party's usual place of abode,' in the absence of the family, the intention evidently is that the person against whom the notice is directed should then be living or have his home in said house. He may be temporarily absent at the time the notice is posted; but the house must be his usual place of abode, so that, *when he returns home,* the copy of the process posted on the front door will operate as notice; which is all that the law requires. By the expression, 'the usual place of abode,' the law does not mean the last place of abode; for a party may change his his place of abode every month in the year. Instead of that, it is only on the door of his then present residence where the notice may be posted, and constitute a compliance with the legal requirement."

The attention of the court is called to *Thompson* v. *Montrass et al.,* 2 N. P. (N. S.), 368, (Common Pleas Court of Franklin county, Evans, J.) of which the syllabus is as follows:

"The residence of one who is serving a sentence of imprisonment is, for the purpose of service of summons, in the county where the prison is located, and service upon him in a suit brought in that county renders service valid upon co-defendants in the county where they reside."

While the question there involved is not indentical with the one here, the court gives it as his opinion on page 371 that,

"Under the authorities I am inclined to the opinion that said defendant has no usual place of residence in Union county. On the other hand, his place of residence is at the prison in this county for a fixed and definite time. Until that is terminated he cannot establish or have another at a different **place**."

It is clear that none of the cases referred to present a state of facts in which a defendant while a resident of a state of the United States is sentenced by the Federal court to serve a term in another state remote from his residence. It is clear that whatever presumption may arise from the

continuance at the family residence of the wife and family of a convict, that the presumption of his continued residence there, if any exists, may be rebutted.

The Federal Penitentiary at Atlanta is the place of confinement of those sentenced to serve more than one year. The defendant by his affidavit denies residence in Cincinnati at any time since January, 1924, and his affidavit asserts that he has no present intention of ever returning to Ohio to make it his residence. If the service upon the defendant in this case is valid, then it must follow that similar service would continue to be valid during the entire period of his sentence and incarceration in that prison, no matter for how long, and though the defendant asserts that he has no residence here and has no intention of returning to this state.

The court is of the opinion that it was not within the contemplation of the Legislature that one sentenced by Federal court in the county in which he resided, to serve a sentence in a remote state of the United States, and who has sworn that he has abandoned his residence here, may be served with summons here ''at his usual place of residence'' based merely upon the presumption that may arise from the continued residence here of his family.

The motion to quash will be granted.