JOSÉ A. ORTIZ, ETC., Plaintiff and Appellee, *v.* THE CRESCENT TRADING CO. ET AL., ETC., Defendants and Appellants.

No. 9732. Argued December 1, 1948.—Decided January 21, 1949.

*H. González Blanes* for appellants.   *Eduardo Urrutia Martorell* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

In this case a default judgment was entered by the District Court of San Juan after having heard plaintiff's evidence.   Twenty days after judgment was rendered, the defendants filed a motion to set it aside, to vacate the default entered, and to allow them to file an answer which they were attaching thereto and to hold the case for trial, all in accordance with Rule 60 (*b*) of Civil Procedure.   The plaintiff opposed the motion which was denied after a hearing.   A reconsideration was sought, but it was also denied.   The defendants appealed and allege that the lower court erred

1st in dismissing their challenge to the jurisdiction of the lower court over the defendants because of defects in the proceedings had in the substituted service and 2d in refusing to give defendants an opportunity to present the case on its merits, pursuant to Rules 55(c) and 60(b) of Civil Procedure.

The facts, briefly outlined, are as follows:

The complaint was filed on September 16, 1946. The summons was issued but the marshal returned it on the following day certifying that process had not been served and that he had sent by mail to the defendants, to their New York address, a copy of the complaint, of the summons, of the order of attachment and the notice thereof with the description of the attached property. On September 24 the plaintiff moved the court to serve process by publication and it was so ordered by the court, as follows:

"In view of plaintiff's motion, filed on September . . ., 1946, and it having been sufficiently proved by the complaint, the Affidavit of Merit attached to said motion, and by the marshal's return of process not served, that plaintiff has a cause of action against the defendants; and that in order to secure the effectiveness of the judgment which may finally be rendered plaintiff has attached defendants' property, the court grants said motion and orders the clerk of the court to serve process by publication, with the necessary insertions, in the newspaper "La Democracia" of San Juan, which is one of considerable circulation, and that the publication be made for a period of forty days, once each week, said period to be counted from the publication of the last summons."

Appellants maintain that the court did not acquire jurisdiction over them because the provisions of Rule 4(e) of Civil Procedure concerning the substituted service by publication of edicts were not strictly complied with, inasmuch as in the order copied above the court did not direct that at the time of making the first publication of the summons, a copy thereof and of the complaint, and a notice of the attachment levied, be sent to the defendants by registered mail,

since it was not sufficient for the marshal to state in his return of unserved process that he had sent those documents by mail to the defendants in New York.

▆▆▆ In our judgment, appellants are correct. Rule 4 (e) of Civil Procedure which is a compilation, with certain additions, of §§ 94 and 95 of the Code of Civil Procedure, *Water Resources Authority* v. *District Court*, 65 P.R.R. 451; *Emanuelli* v. *Poventud, Judge*, 62 P.R.R. 704, specifies what the order in cases of this nature should contain, to wit:

"The order must direct the publication to be made in a newspaper, to be designated as most likely to give notice to the person to be served, and for such length of time as may be deemed reasonable, at least once a week; but publication against a defendant residing out of the Island, or absent therefrom, must not be less than one month. *The order must also direct that at the time of making the first publication of the summons, a copy of the summons and of the complaint shall be sent by registered mail to the defendant at the place of his last known residence,* unless it be shown by affidavit that notwithstanding the steps taken, which shall be stated, it has not been possible to locate any known residence of the defendant, in which case the court shall excuse compliance with such requisite in its order. When publication is ordered, personal service of a copy of the summons and of the complaint out of the Island is equivalent to publication; but in all cases the requirement of sending a copy of the summons and of the complaint by registered mail to the defendant must be complied with, as hereinbefore provided. In either case the service of the summons is complete at the expiration of the time prescribed by the order for publication." (Italics ours.)

The last paragraph of said rule further provides the following:

"In all cases where an attachment of property of the defendant is required by law in order that the court may acquire jurisdiction, publication shall not be ordered until said attachment is levied and proof of such fact is attached to the record, and the defendant shall be notified of the attachment levied in the same edict in which the summons is published, and by *mail*,

*where, in accordance with this rule, a copy of the summons and of the complaint must be sent to him."* (Italics ours.)

The appellee admits that the order issued by the lower court did not direct that, at the time of making the first publication of the summons, copies of the documents mentioned in the rule be sent to the defendants by registered mail and that, as a matter of fact, they were not sent. However, he contends, that since the marshal sent them upon being unable to serve the defendants and since this fact appears from his return, "the court *impliedly* excused compliance with such requirement, because *a priori* it had been complied with. . ."

We do not agree. The provision of Rule 4 (e), formerly §§ 94 and 95 of the Code of Civil Procedure, must be strictly complied with in order to vest the court with jurisdiction over the person of the defendant who has been summoned by publication *Emanuelli v. Poventud, Judge, supra; Water Resources Authority v. District Court, supra,* and *Miranda v. Heirs of Alicea,* 52 P.R.R. 247, where a summary is made of the applicable decisions. This is not a case where the court may exercise its discretion excusing compliance with Rule 4 (e). If it can not do it expressly, much less can it do it tacitly. The anticipated but unauthorized action of the marshal of sending by ordinary mail to the defendants copies of the documents enumerated in the rule, did not authorize the court to excuse strict compliance with the requirement of sending the copy by registered mail at the time of said publication. Furthermore, the rule itself provides that even when personal service of a copy of the summons and of the complaint is made outside the island, in all cases "The requirement of sending a copy of the summons and of the complaint by registered mail to the defendant must be complied with as hereinbefore provided." And this applies likewise to the notice of attachment.

In *Matos v. District Court,* 59 P.R.R. 290, where all the requirements of § 95 of the Code of Civil Procedure with

respect to process by publication were complied with, we held that the court had not acquired jurisdiction over the defendant because the clerk did not previously issue the citation or summons according to § 88· of the same Code, and, although we said that it seemed harsh to quash all the proceedings, yet it had to be done "because, as the jurisdiction of the court over the person of the defendant depends on his being summoned, such summons must be issued and served in strict compliance with the statute."

■■ It makes no difference that the defendants in effect received the documents sent by the marshal and that they appointed an attorney in Puerto Rico to represent them, nor what circumstances deprived said attorney from appearing before the default was entered and judgment rendered against defendants. The fact that the defendants had knowledge of the notice of the summons and other documents does not make the summons by publication valid if, as happened in this case, Rule 4(e) was not complied with. In *Berryhill* v. *Sepp*. 119 N. W. 404 (Miss. 1909) it was held that proof of knowledge of an attempt at personal service or at substituted personal service is not proof of service, because service of the summons must strictly comply with the statute. And we recently held in *Water Resources Authority* v. *District Court, supra*, that "But actual knowledge of a suit does not confer jurisdiction over the person of a party thereto; service pursuant to the specific terms of a valid statute is required. [Authorities]." The fact is that upon the parties appearing for the first time, pursuant to paragraph (2) of Rule 60(b), and it being a case where the defendants had not been personally served, said Rule authorized the court to allow them "at any time within six months after the entry of the judgment in such an action" to answer to the merits of the action. It having been proved that the court acted without jurisdiction over the defendants in entering a default judgment, the court was under the obligation to set it aside.

470

The decisions of the lower court should be reversed, the default judgment vacated, and the case remanded to the lower court with instructions to admit the answer filed and for further proceedings.