WILLIAM HOLTBERG v. GEORGE J. BOMMERSBACH AND
ANOTHER.
BURTON A. BERKHOEL v. SAME.[1]

April 10, 1952.

Nos. 35,703, 35,704.

[1]Reported in 52 N. W. (2d) 766.

*J. Norman Peterson*, for appellants.
*Dell, Rosengren & Rufer*, for respondents.

THOMAS GALLAGHER, JUSTICE.

These are appeals in two actions from orders granting defendants' motions to set aside and quash the service of summonses and complaints therein and to dismiss the actions for want of jurisdiction. The actions are to recover damages because of the alleged negligence of defendants. The venue is laid in the district court for Todd county.

On May 29, 1951, a copy of the summons and complaint in each action was left for defendant Richard Feckler with his wife, Agnes. Feckler, at her house in Long Prairie, which plaintiff alleges was the defendant's place of usual abode. On May 29, 1951, the summonses and complaints were served personally on defendant George J. Bommersbach in the city of Eau Claire, Wisconsin. Defendants' motions to quash and set aside the service as described were heard upon affidavits on June 23, 1951. The orders granting defendants' motions were made September 7, 1951.

In substance, defendants' affidavits established that in January 1951 Richard Feckler and his wife contemplated divorce; that an attempted reconciliation proved unsuccessful; that on May 29, 1951, they had no intention of resuming their marital status; that Feckler was employed by Bommersbach in the latter's store in Long Prairie, but that this store burned on March 3, 1951, and thereafter in March 1951 Bommersbach moved to Eau Claire; that on March 23, 1951, two months before the present actions were instituted, Feckler also moved to Eau Claire to work for Bommersbach; that since that time he had returned to Long Prairie on only one occasion and then for only a few hours for the purpose of visiting his family; that since then he has not returned to Minnesota even on week ends; that when he left Long Prairie on March 23, 1951, he took with him all his clothing and most of his personal effects, and

that nearly all of the latter have since been sent to him; that the house at Long Prairie and all household goods therein, as well as an automobile there, had been purchased by Mrs. Feckler from her own funds, and title thereto was in her name; that when he left Long Prairie he had no intention of returning there, but intended to make his permanent residence in Eau Claire; that after moving to Eau Claire he rented quarters at 113-1/2 North Barstow street there, and ever since the latter part of March 1951 has regarded that as his place of usual abode; and that prior to May 29, 1951, the date of the attempted service, Mrs. Feckler sold the Long Prairie residence and, after resigning her position as superintendent of the Long Prairie hospital, on April 15, 1951, accepted a similar position in Buffalo, Minnesota.

With reference to defendant George J. Bommersbach, the affidavits established that he had permanently removed from the state of Minnesota and that no attempt had been made to get service upon him in Minnesota, either in person, by substitution, or otherwise.

■ M. S. A. 543.05 provides that personal service shall be deemed made if a copy of the summons "be left at the house of the usual abode of the person to be served, with some person of suitable age and discretion then residing therein." This court has had occasion many times to construe the term "house of the usual abode." As stated in Berryhill v. Sepp, 106 Minn. 458, 459, 119 N. W. 404, 21 L.R.A.(N.S.) 344:

"* * * As used in this sense, 'abode' means one's fixed place of residence for the time being. In such connection 'abode' and 'residence' may be synonymous. * * * But ordinarily 'usual place of abode' is a much more restricted term than 'residence,' and means the place where the defendant is actually living at the time when service is made. * * * The purpose of the use of the term in an act relating to the service of process has primary reference to the place where the defendant is usually to be found. * * * Therefore 'usual place of abode' means 'present place of abode.'"

338

It is clear from the foregoing that a person's house of usual abode is the place wherein he is usually found resident. It is one's *present* place of abode, although a temporary sojourn from an established residence with return thereto contemplated may not prevent its retention as the place of usual abode. See, Berryhill v. Sepp, *supra.* By the same token, one's intent not to return, if established, may be of extreme importance in determining the issue. Berryhill v. Sepp, *supra;* Bechtel v. Bechtel, 101 Minn. 511, 112 N. W. 883, 12 L.R.A.(N.S.) 1100.

 In the case of a married man, it has generally been held that his house of usual abode is prima facie that wherein his wife and family reside. This presumption, however, may be overcome by facts showing the contrary. Berryhill v. Sepp, *supra;* Willard v. Marr, 121 Minn. 23, 139 N. W. 1066. Ordinarily, the determination of the question is one of fact, our function being to determine only whether the evidence reasonably tends to support the trial court's finding thereon. This is true even where the trial court's determination of the issue is based upon affidavits rather than testimony. Murtha v. Olson, 221 Minn. 240, 21 N. W. (2d) 607; Missouri, Kansas & Texas Trust Co. v. Norris, 61 Minn. 256, 63 N. W. 634; Bausman v. Tilley, 46 Minn. 66, 48 N. W. 459; Lee v. Macfee, 45 Minn. 33, 47 N. W. 309; 1 Dunnell, Dig. & Supp. § 410.

Here, the affidavits reasonably tend to establish that Feckler was not present in Minnesota when the attempted service was made; that he had acquired a new place of abode in Eau Claire some two months prior thereto; that he had no property or personal effects at his wife's home; and that he had no present intention of returning there. These and numerous other facts covered by the affidavits seem amply sufficient to support the trial court's determination of this issue.

 It is undisputed that George J. Bommersbach resided in Eau Claire at the date of the attempted service upon him. The venue of the actions being in the district court of Todd county, Minnesota, he appeared there specially and objected to the court's jurisdiction

over his person. In a memorandum attached to and made a part of its order, the trial court stated:

"No claim is made by plaintiff that service upon defendant Bommersbach in Eau Claire, Wisconsin, is good."

On appeal, plaintiff relies upon American Fire & Cas. Co. v. Finn, 341 U. S. 6, 71 S. Ct. 534, 95 L. ed. 702, as authority sufficient to sustain the service made upon Bommersbach at Eau Claire. The cited case deals with removal of causes to the federal court and does not appear applicable here. M. S. A. 543.12 governs the commencement of civil actions and authorizes personal service out of the state in certain enumerated cases, which do not include the present type of action. It would seem clear that no jurisdiction was obtained over this defendant. Plummer v. Hatton, 51 Minn. 181, 53 N. W. 460; Heffner v. Gunz, 29 Minn. 108, 12 N. W. 342.

Affirmed.