## WALKER EMPLOYMENT SERVICE, INC. v. JOHN E. SWANSON.

154 N. W. (2d) 823.

November 24, 1967—No. 40,658.

*William Merlin,* for appellant.

*Comaford, Fassett, Clarkson & Lewis* and *David W. Lewis,* for respondent.

SHERAN, JUSTICE.

Appeal from orders of the Municipal Court of Hennepin County denying defendant's motion to vacate a service of process made pursuant to Rule 4.03(a) of the Municipal Court Rules of Civil Procedure for the State of Minnesota.[1]

The challenged service was made at 3 p. m. on May 25, 1966, by leaving a copy of the summons and complaint in an action instituted by plaintiff against defendant with defendant's wife at their jointly owned home in Eden Prairie, Minnesota, where she had been residing with her husband.

This service was effective to confer jurisdiction unless the fact that the

---

[1] Rule 4.03(a) provides that service may be made: "Upon an individual by delivering a copy to him personally or by leaving a copy at his usual place of abode with some person of suitable age and discretion then residing therein."

defendant left Eden Prairie by automobile 6 hours previously and was, at the moment the summons and complaint was handed to his wife, en route to Midland, Michigan, where he was to commence work on June 1st at a permanent position for which he had been engaged some time before. Mrs. Swanson had remained behind to complete the details of moving. Defendant had taken all his personal belongings with him. He had rented a house in Midland, with occupancy by Mr. and Mrs. Swanson to commence July 1st.

Defendant contends that the Swanson house in Eden Prairie could not have been his usual place of abode at the time process was left with his wife because he had departed earlier in the day intending to go to Michigan and not to return.

The relevant Minnesota decisions are not controlling in the unusual fact situation we have here.[2] The problem has been considered by courts in other jurisdictions. See, Karlsson v. Rabinowitz (4 Cir.) 318 F. (2d) 666; State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145, 127 A. L. R. 1263.

We believe the correct interpretation of the rule to be that the home where a man has resided with his wife continues to be his usual place of abode even though he has left it to go elsewhere when, as here, his wife continues to live in their house to further their mutual interest in the completion of moving arrangements and the process is left with her at a time when he is en route to a new place of joint abode. Such a construction of the rule seems sensible to us, and we are satisfied that the method of service thus allowed is one reasonably calculated to bring actual notice of the action to defendant's attention.[3]

Affirmed.

---

[2] See, Berryhill v. Sepp, 106 Minn. 458, 460, 119 N. W. 404, 405, 21 L. R. A. (N. S.) 344; Holtberg v. Bommersbach, 236 Minn. 335, 336, 52 N. W. (2d) 766, 768; Willard v. Marr, 121 Minn. 23, 139 N. W. 1066; Missouri, K. & T. Trust Co. v. Norris, 61 Minn. 256, 63 N. W. 634; Murtha v. Olson, 221 Minn. 240, 21 N. W. (2d) 607.

[3] For a discussion of the Federal constitutional requirements, see International Shoe Co. v. Washington, 326 U. S. 310, 66 S. Ct. 154, 90 L. ed. 95; Milliken v. Meyer, 311 U. S. 457, 61 S. Ct. 339, 85 L. ed. 278.