John LUNDGREN, et al., Respondents,

v.

James W. GREEN, M.D., Appellant,

Coon Rapids Medical Center, Defendant.

No. C5–98–2118.

Court of Appeals of Minnesota.

May 11, 1999.

 

John J. Berglund, Scott C. Baumgartner, Berglund & Varco, Ltd., Anoka, MN (for respondents)

David C. Hutchinson, Matthew J. Hanzel, Geraghty, O'Loughlin, & Kenney, P.A., St. Paul, MN (for appellant)

Considered and decided by HARTEN, Presiding Judge, RANDALL, Judge, and SHUMAKER, Judge.

## OPINION

RANDALL, Judge.

Appellant argues the district court erred, as a matter of law, when it ruled that personal service had been effected when the process server, instead of leaving service at appellant's usual place of abode, left service with appellant's wife living at his former residence. We reverse.

## FACTS

On April 22, 1997, respondents John and Eileen Lundgren commenced a medical malpractice suit against defendant Coon Rapids Medical Center in Anoka County District

Court by serving a summons and complaint on it. The next day, the Lundgrens attempted service of process on appellant Dr. James Green by serving Dr. Green's wife, Terrel Green, at Dr. Green's former residence. Dr. Green and his wife had separated in November 1996 and, at the time of the attempted service, were living apart. Dr. Green had, on December 18, 1996, purchased a new home and transferred all of his personal property into the new home.

Dr. Green eventually received a copy of the summons and complaint from counsel for Allina Health Systems. Later, he learned that his wife had received a copy of the summons and complaint at his former residence. When asked why she had a copy of the summons and complaint, Terrel Green stated that the process server simply handed her the process, saying, "Take this."

On May 22, 1997, defendants, including Dr. Green, served a joint and separate answer. Dr. Green affirmatively alleged insufficiency of service of process. The Lundgrens did not serve Dr. Green a second time because the statute of limitations had run on their claim. Following failed attempts by Dr. Green to have the Lundgrens voluntarily dismiss him from the suit, Dr. Green served and filed a motion to dismiss for insufficiency of service of process. The district court heard the motion on October 26, 1997. Following argument by the parties, the district court denied Dr. Green's motion to dismiss. This appeal follows.

## ISSUE

Is substituted service of process sufficient under Minn. R. Civ. P. 4.03(a), where the summons and complaint are left with a defendant's spouse at the spouse's home after the couple has separated, defendant has moved out, established a new permanent address, and has no intention of returning to live at the old address?

## ANALYSIS

Dr. Green argues that the district court erred as a matter of law when it denied his motion to dismiss for insufficient service of process. Dr. Green contends that the attempted substituted service of process was insufficient because it was not delivered to his usual place of abode as required by Minn. R. Civ. P. 4.03(a). The Lundgrens counter, arguing that the rules of civil procedure should be construed liberally in favor of finding effective service of process. In addition, the Lundgrens contend that service of process was sufficient because Dr. Green had actual notice of the lawsuit and did not suffer actual prejudice by the attempted service of process.

The Minnesota Rules of Civil Procedure provide that personal service of process shall be made

> by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein.

Minn. R. Civ. P. 4.03(a). The issue of whether service of process was proper is a question of law. *Amdahl v. Stonewall Ins. Co.*, 484 N.W.2d 811, 814 (Minn.App.1992), *review denied* (Minn. July 16, 1992). "The location of a person's usual place of abode is a question of fact," and the decision of the district court will not be reversed unless it is clearly erroneous. *Peterson v. Eishen*, 495 N.W.2d 223, 225 (Minn.App.1993) (citations omitted), *aff'd*, 512 N.W.2d 338 (Minn.1994). Service of process "must accord strictly with statutory requirements." *Berryhill v. Sepp*, 106 Minn. 458, 459, 119 N.W. 404, 404 (1909). "Service of process in a manner not authorized by the rule is ineffective service." *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn.1997) (citation omitted).

Minnesota courts have long construed the term "place of usual abode" as follows:

> As used in this sense, "abode" means one's fixed place of residence for the time being. In such connection "abode" and "residence" may be synonymous. But ordinarily "usual place of abode" is a much more restricted term than "residence," and means the place where the defendant is actually living at the time when service is made. * * * The purpose of the use of the term in an act relating to the service of process has primary reference to the place

where the defendant is usually to be found. Therefore, "usual place of abode" means "present place of abode."

*Berryhill*, 106 Minn. at 459–60, 119 N.W. at 404–05 (citations omitted). A temporary departure away from one's "present place of abode" will not destroy its designation as such if the individual contemplates a return. *Holtberg v. Bommersbach*, 236 Minn. 335, 338, 52 N.W.2d 766, 768 (1952). Thus, "one's intent not to return, if established, may be of extreme importance in determining the issue." *Id.* (citations omitted).

In *Berryhill*, substituted service was attempted when the sheriff handed a copy of the summons to defendant's daughter at what was believed to be defendant's place of "usual abode" in Minnesota. *Berryhill*, 106 Minn. at 459, 119 N.W. at 404. However, although not divorced, defendant had separated from his wife and moved to Montana. *Id.* at 460, 119 N.W. at 405. The district court set aside the service of process and vacated a default judgment that had been entered against defendant. *Id.* at 459, 119 N.W. at 404.

The supreme court rejected the claim that defendant had actual knowledge because his daughter informed him of the summons and that the service of process was sufficient. *Id.* at 459–60, 119 N.W. at 404–05. The court held that

> Proof, however, of knowledge of an attempt at personal service or at substituted personal service is not proof of service. The service must accord strictly with statutory requirements. If, for example, a summons were in fact served on the wrong person, and that person handed it to the proper defendant, there would be no service. By parity of reasoning, if a summons should be left at a house which was not the usual abode of the person, by leaving it with some person of suitable age and discretion then residing therein, and that person subsequently delivered it to the proper defendant, the service there is not substituted service.

*Id.* at 459, 119 N.W. at 404 (citation omitted).

▪ The court noted that, in the case of a married man, the generally recognized presumption is that his place of usual abode is the house in which his wife and family reside. *Id.* at 460, 119 N.W. at 405. The court concluded that the presumption had been rebutted because the evidence established that defendant was separated from his wife, had moved to Montana, and had never lived in the house at which he was served. *Id.* The *Berryhill* fact situation is close to the one here.

In *Holtberg*, a case nearly identical with this one, copies of two summonses and complaints were left for defendant with his wife at her house in Minnesota. 236 Minn. at 336, 52 N.W.2d at 768. The defendant and his wife had separated and defendant had moved out of the house after a failed attempt at reconciliation. *Id.* Prior to the attempted substituted service, the couple had contemplated divorce. *Id.* Defendant had removed his personal belongings from the home, was renting a place in Wisconsin, and had no intent of returning to live in Minnesota. *Id.* at 336–337, 52 N.W.2d at 768. The court held that the presumption that a married man's usual place of abode is the house in which his wife and family reside had been rebutted because defendant had moved out of his wife's house and had no intention of returning there. *Id.* at 338, 52 N.W.2d at 769.

▪ There is little to distinguish the present case from the decisions in *Berryhill* and *Holtberg*. It is undisputed that Dr. Green and his wife were separated, that Dr. Green had moved out, purchased his own home, removed his personal belongings from his wife's house, and most importantly, had no intent to return to live at his wife's house. It is *of no consequence* that Dr. Green and his wife had not formally divorced. The decisions in *Berryhill* and *Holtberg* make no such distinction.

▪ The Lundgrens contend the attempted substituted service was sufficient because Dr. Green had actual knowledge of the lawsuit and he did not suffer any prejudice. The Lundgrens rely on *Pederson v. Clarkson Lindley Trust*, 519 N.W.2d 234 (Minn.App. 1994), and *Blaeser & Johnson, P.A. v. Kjellberg*, 483 N.W.2d 98 (Minn.App.1992), *review denied* (Minn. June 10, 1992), to argue that a

showing of prejudice is required when challenging the sufficiency of substituted service of process.

The Lundgrens' reliance is misplaced. *Blaeser* involved attempted service by mail, and *Pederson* involved the sufficiency of service attempted on a trust, a situation not specifically governed by the rules of civil procedure. *Blaeser*, 483 N.W.2d at 100–02; *Pederson*, 519 N.W.2d at 235–36. Noting the unique facts of the case, the court in *Pederson* held that attempted substituted service was sufficient where process was served on the wife of the trustee at the trustee's residence because there was no better place to serve process in light of the fact that the trust's listed address matched that of the trustee. *Pederson*, 519 N.W.2d at 235–36.

■ Minnesota law is clear that the methods of service of process are distinct, governed by distinct requirements, and these requirements are not interchangeable. As this court stated:

the trial court and respondent urge us to treat personal service and mail service interchangeably. However, they are distinct methods of service with distinct requirements.

*Coons v. St. Paul Cos.*, 486 N.W.2d 771, 775 (Minn.App.1992), *review denied* (Minn. July 16, 1992). The decisions in *Blaeser* and *Pederson* are inapposite to the present case. Neither addresses personal service of process under Rule 4.03(a), a distinct method of service with distinct requirements.

■ Prejudice is not the essential factor to consider when determining sufficiency of attempted substituted service of process. When making substituted service of process, Minnesota courts require that

"there must be a strict compliance with the statute. The necessity of the statutory service is not dispensed with by the mere fact that the defendant may in some way learn of the existence of the papers and an attempted service."

*Blaine v. Anoka–Hennepin Indep.. Sch. Dist. No. 11*, 498 N.W.2d 309, 314–15 (Minn. App.1993) (quoting *MacLean v. Lasley*, 181 Minn. 379, 379, 232 N.W. 632, 632 (1930)), *review denied* (Minn. June. 22, 1993); *see*

*also Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn.1988) (holding Rule 4 is to be taken literally). Thus, "[a]ctual notice will not subject defendants to personal jurisdiction absent substantial compliance with Rule 4." *Thiele*, 425 N.W.2d at 584 (citations omitted).

Here, we conclude that Dr. Green's "usual place abode" was not his wife's residence. Because the attempted substituted service of process was not at Dr. Green's "usual place of abode," there was not substantial compliance with the requirements of Rule 4.03(a). Thus, the actual notice exception does not apply. The district court erred as a matter of law when it ruled that the Lundgrens' attempted service of process on Dr. Green was sufficient.

Finally, the Lundgrens' reliance on *Nelson v. Glenwood Hills Hosps., Inc.*, 240 Minn. 505, 62 N.W.2d 73 (1953), is misplaced. That case did not address the proper method of service of process under Rule 4.03(a), but rather a defect in the form of the summons. The summons in that case contained a misnomer with respect to one defendant. *Id.* at 513, 62 N.W.2d at 78. The misnomer occurred because of misinformation received before the pleadings were prepared and served. *Id.* Noting this fact, the court held:

If service of summons and complaint results in an intended defendant being fully informed as to the circumstances of the action, the court has acquired sufficient jurisdiction over that defendant, even though an amendment is necessary to correct a misnomer.

*Id.*

■ The decision in *Glenwood Hills* is legally and factually distinguishable from the present case. There is a distinction between defects in the pleadings and defects in the method of service. A defect in the pleadings does not necessarily deprive the court of personal jurisdiction, but defects in the method of service can deprive the court of jurisdiction.

■ For attempted service of process to be sufficient where the defendant has actual knowledge of the action, there must be substantial compliance with the requirements of Rule 4.03(a). Substantial compliance with

Rule 4.03(a) is lacking in the present case. The actual knowledge exception does not apply.

### DECISION

The Lundgrens' attempted substituted service of process was insufficient because it was not delivered to Dr. Green's usual place of abode as required by Minn. R. Civ. P. 4.03(a). Because there was not substantial compliance with Rule 4.03(a), Dr. Green's actual knowledge of the lawsuit does not render the attempted service of process legally sufficient.

**Reversed.**