*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1576**

Balwant Prasad,
Appellant,

vs.

Kyle Leary,
Respondent.

**Filed June 3, 2024
Affirmed
Ross, Judge**

Dakota County District Court
File No. 19HA-CV-23-1572

C. Jeremy Lagasse, Benjamin M. Kline, Aaron Ferguson Law, P.L.L.C., Arden Hills, Minnesota (for appellant)

Tania Lex Olson, Law Offices of Paul W. Godfrey, Oklahoma City, Oklahoma (for respondent)

Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Reyes, Judge.

**NONPRECEDENTIAL OPINION**

**ROSS**, Judge

Balwant Prasad sought to sue Kyle Leary in 2022 for injuries Prasad allegedly suffered in a 2016 vehicular collision involving Leary. Prasad's process server attempted to serve Leary with the summons and civil complaint by leaving a copy with Leary's mother at her home even after learning that Leary had moved out. Prasad did not attempt

to serve Leary at his new address. The district court dismissed Prasad's suit for lack of personal jurisdiction based on insufficient service of process. Because Prasad's attempted service did not comport with the requirements of the rules of civil procedure, we affirm.

**FACTS**

Within a month before the six-year personal-injury statute-of-limitations deadline, appellant Balwant Prasad served a civil complaint against respondent Kyle Leary on September 1, 2022, at the home of Leary's mother. Prasad's process server went to Leary's mother's Rosemount home and spoke with her. Leary's mother told the server that Leary had moved out of the home days earlier. The server nevertheless hand-delivered the summons and complaint to Leary's mother. The server informed Prasad's attorney of these events and said that Leary's mother told her that she would give Leary a copy of the documents. Prasad never attempted to serve Leary by any other means. The process server signed an affidavit of service on September 8 swearing that she had delivered a copy of the summons and complaint to Leary's mother at Leary's "usual place of abode." Leary saw the summons and complaint later that week, but the record does not specify how he had come to see them.

Leary moved the district court to dismiss Prasad's civil complaint for insufficient service. The parties presented the deposition testimony of Leary and Leary's mother, both of whom summarized Leary's move from his mother's home. That testimony indicates that Leary had moved from his mother's Rosemount home to Richfield days before the process server left the summons and complaint with Leary's mother at the Rosemount address. Leary had left behind a few personal belongings, including a bicycle and a snowboard, but

2

he had moved most of his things to the Richfield address by September 1. The deposition testimony also established that Leary continued to spend one to two nights monthly at the Rosemount address. Leary's mother testified that she did not tell the process server that she would hand a copy of the summons and complaint to Leary.

Prasad argued to the district court that the service was complete by either "substitute" or "secondhand" service. The district court granted Leary's motion and dismissed the lawsuit.

Prasad appeals.

## DECISION

Prasad challenges the district court's decision to dismiss his complaint for lack of personal jurisdiction based on improper service. Proper service of a summons and complaint is necessary for district court jurisdiction over a civil suit, and we review *de novo* whether service of process was effective. *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008). A party can properly personally serve process in two ways: "by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03(a). Prasad proffers two theories to support his contention that personal service occurred here. He maintains primarily that his process server left the documents at Leary's "usual place of abode" as expressly authorized by the rule. He maintains alternatively that Leary's mother hand-delivered the documents to Leary as implicitly authorized by the rule. Because Prasad's evidence presented to the district court supports neither theory, we reject both arguments.

3

We are not persuaded by Prasad's argument that his process server left the documents at Leary's "usual place of abode" as expressly authorized by rule 4.03(a). Determining a person's usual place of abode is a question of fact that this court reviews for clear error. *See Murtha v. Olson*, 21 N.W.2d 607, 610 (Minn. 1946). The district court found as a matter of fact that Leary's mother's home was not Leary's usual place of abode, and Prasad does not convince us that the finding is clearly erroneous. The usual place of abode is the person's "present place of abode" and "means one's fixed place of residence for the time being." *Berryhill v. Sepp*, 119 N.W. 404, 404–05 (Minn. 1909). Leary's deposition testimony indicates that he moved from his mother's Rosemount home to his Richfield address before September 1. And Leary's mother testified that he had moved out days before the process server arrived at her home with the summons and complaint. The record also includes a copy of Leary's signed Richfield lease, which is dated August 13 and lists his occupation date of August 29. This evidence, notwithstanding the unconvincing contrary evidence that Leary left some items behind and occasionally stayed overnight at his mother's home between the time of the attempted service and the hearing, readily supports the district court's finding that the Rosemount home was not Leary's usual place of abode when the process server left the summons and complaint there.

Prasad argues alternatively that Leary was properly served by so-called "secondhand" service, meaning that, after the process server left a copy of the summons and complaint with Leary's mother, Leary's mother essentially served the documents under the rule by hand-delivering them to Leary. The validity of this relay method of service (from the party, to the process server, to a third person who does not live at the targeted

4

party's residence, to the targeted party) has some support in caselaw. In *Michaud v. Davidson*, the United States Court of Appeals for the Eighth Circuit opined that this method could satisfy the rule's personal-service requirement. 920 F.3d 1219, 1221 (8th Cir. 2019). The court reasoned that when the subject party's "father hand-delivered the papers to her," he essentially "complet[ed] the service according to Rule 4.03(a)." *Id.* (Stras, J.). We need not decide the parties' debate over whether the federal court's *Michaud* decision, which is not binding on this court, accurately construes Minnesota's personal-service rule. This is because the circumstances here lack the critical event that occurred in *Michaud*: a finding that the third-party hand-delivered the documents to the intended target of the service. The *Michaud* court considered that, "[b]efore leaving, the deputy handed the papers to Davidson's father, who then gave them to his daughter a short time later." *Id.* at 1220. The district court made no finding that Leary's mother delivered the documents to Leary, and, despite having had the opportunity to depose the key witnesses, neither party obtained and offered evidence that could support the finding.

Prasad argues that because Leary "got [his] hands on" the summons and complaint, his mother must have delivered them to him. But the district court found to the contrary, stating that it "cannot find that the summons and complaint [were] delivered to Mr. Leary." The most the record has to say on the subject is that the process server left the documents with Leary's mother and that Leary later saw them. Whether he simply found them in her home without her ever handing them to him or she actually delivered them directly, the record simply does not say. It is not our place on appeal to find facts, and we therefore stand on the district court's reasoning that, after considering the evidence, it could not find

5

that delivery occurred. And the record supports the district court's finding, as Leary's mother testified that she could not recall giving Leary the documents. Because delivery is required for personal service on an individual and the district court did not find that delivery to Leary occurred here, the district court's dismissal decision stands.

**Affirmed.**