## Hugh J. Brady v. Hail Clark.

1. Pleadings and Practice.  *Charge of court.*  Upon the trial of a cause in the circuit court, it is not error for the judge to charge in relation to a written opinion delivered by this court upon a previous appeal, that the jury cannot consider the opinion for any purpose whatever, but must receive the law as given to them by the trial court.

2. Same.  *Interest.*  An instrument in writing, signed by the debtor, whereby he promises to pay to the plaintiff a definite sum of money, for a valuable consideration recited, at a definite time, upon a specified condition, is within the provision of the Code, section 1945, and will bear interest from the time of payment designated, upon proof of the happening of the contingency.

Brady *v.* Clark.

3. SAME. *Court may calculate interest without objection.* If the jury find a verdict in favor of the plaintiff for the amount of debt specified in the instrument sued on with interest from the time it became due, and the court, without objection from either party calculate the interest for the jury, and the verdict is returned accordingly, a subsequent objection will come too late.

4. SUPREME COURT PRACTICE. *Will not reverse. When.* This court will not reverse for a mere misnomer by the jury of the instrument sued on.

### FROM WARREN.

Appeal in error from the Circuit Court of Warren county.    J. J. Williams, J.

W. E. B. JONES for Brady.

T. J. R. SWAFFORD for Clark.

COOPER, J., delivered the opinion of the court.

Action by Clark against Brady upon the following instrument of writing:

SALTZBURY, PENN., April 5, 1872.
Received of Hail Clark one buggy valued at two hundred and fifteen dollars, for which we sold him S. M. Snyder's patent right for rotary pump and steam engine for the counties of Westmoreland and Green, and should he fail to make his money, we agree to pay him for the buggy in sixty days from above date.

HUGH J. BRADY,
DANIEL SWEITZER.

The verdict and judgment were in favor of the plaintiff below for the money called for by the instrument with interest from sixty days after its date. The defendant appealed in error. The Referees report in favor of affirmance. The proof is sufficient to sustain the verdict.

The case, it seems, has already been before this court, when a written opinion was delivered, which was read and referred to in the argument below. The trial judge charged the jury on that subject as follows: "The court says to you that you cannot consider that opinion, or receive it for any purpose whatever. You are bound to receive the law as it is given to you by this court, and if this court errs the Supreme Court will correct it." The appellant excepts to the report of the Referees holding that there is no error in this part of the charge, but neither cites any authority nor gives any reason in support of the exception. The opinion, it is clear, cannot be looked to for the facts, because the facts on the second trial may be different from those shown on the first trial. And although the law of the opinion may be binding in the case, it is binding on the court whose duty it is to state the law in accordance therewith. If the lawyers differ in their construction of the opinion, as they are very likely to do, the trial court must decide the matter. The judge is a witness to the jury of the law, and the plain duty of the jury is to accept the law as charged by him.

The judge explained to the jury under what circumstances they could find in favor of the plaintiff for the amount of money called for in the writing sued on, and added that upon this amount the jury should give interest from the time the instrument became due. The Code, section 1945, is: "All bills single, bonds, notes, bills of exchange, and liquidated and settled accounts signed by the debtor, shall bear interest from

the time they become due. unless it is expressed that interest is not to accrue until a specific time therein mentioned." If the instrument falls within any of the enumerations of the statute, it · is conceded that the charge is correct. The Legislature intended by the statute that all *debts* evidenced by the usual instru ments of writing by which the debtor undertakes to pay a money demand, or liquidated and settled by the sign manual of the debtor, should bear interest. The instrument sued on is a writing signed by the debtor, admitting an ·indebtedness to the payee, the plaintiff, for a definite sum upon a valuable consideration, which the debtor promises to pay at at a specified time upon the happening of a named contingency. It is not a "technical promissory note," for the money is not payable unconditionally. But the statute does not say promissory note. It says note, which may include any note in writing, signed by the party, which promises to pay a fixed sum at a fixed time upon a fixed contingency. The word bond, too, might include, since the abolishment of private seals, any ob-ligation in writing whereby money, not in the form of a penalty, is promised to be paid upon a collateral condition. And a liquidated or settled account, signed by the debtor, need not be payable unconditionally to be within the statute. It is sufficient if the time when the money is to become due is ascertainable upon proof in relation to the condition. This writing is within the statute.

The jury brought in a verdict for the plaintiff for the · amount specified in the instrument sued on with

Brady *v.* Clark.

interest on the same from the time it fell due. The trial judge, without any objection at the time by the plaintiff in error, made the calculation of interest for the jury, and the verdict was returned accordingly, after which the jury were discharged. If objection had been made at the time, the jury would have been sent out to make the calculation themselves. The objection comes too late after verdict. Besides, there being no error in the calculation of the interest, the objection would not now go to the merits.

The record makes the jury speak of the instrument as a note, and one of the exceptions seems to rest on this fact. But the word might be well applied in its popular sense to the instrument, meaning a memorandum in writing, even if it be not technically correct. And we can scarely be expected to reverse a judgment for a mere misnomer by the jury of the instrument sued on.

Report confirmed, and judgment affirmed.