PERFORMANCE SYSTEMS,
INC., Appellant,

v.

FIRST AMERICAN NATIONAL BANK,
Trustee, Appellee.

Supreme Court of Tennessee.

Aug. 22, 1977.

John L. Chambers, Chambers & Wiseman, Nashville, for appellant.

Charles C. Trabue, Jr., Trabue, Strudivant & DeWitt, Nashville, for appellee.

## OPINION

BROCK, Justice.

This is an action by a landlord against the assignee of the original lessee to recover rent, property taxes, cost of repairs, and insurance premiums under the terms of a written lease originally entered into between the First American National Bank, Trustee, as lessor, and Chicken Systems, Inc., as lessee. Chicken Systems, Inc., by written assignment, assigned all of its right, title and interest under the lease to appellant, Performance Systems, Inc., without the consent of the lessor, appellee. The Chancellor held that the appellant, as assignee, became primarily liable for all the obligations of the lease and his decree was affirmed by this Court, and, the cause was remanded to the Chancellor for a reference to the master to determine the amounts owing for rent, taxes, insurance premiums, and repairs. The order of reference from the Chancellor also directed that interest be allowed and computed upon the amounts owing. The parties stipulated the amounts owing but the assignee, denied that it is obligated to pay interest either under the

provisions of T.C.A., § 47–14–107, or as damages allowable in the discretion of the Chancellor.

The original lease provided that the lessee would pay to the lessor an annual base rent equal to 10 per cent of the land value and the cost of improvements. This base rent was payable in equal monthly installments of $1,049.08 each. The lease also provided that the lessee would pay all insurance and all real estate taxes and that it would maintain the property in good repair. Upon the prior appeal, this Court affirmed the holding of the Chancellor that these obligations ran with the land and were thus binding upon the assignee who had succeeded to the rights and obligations of the assignor-lessee.

■ The appellant argues that the obligation to pay the monthly installments was not one to pay rent but to yield a percentage return on an investment of money. Thus, he argues that the court has ordered interest to be paid on an obligation which is itself "interest" of 10 per cent, so that the total "interest" is in excess of the constitutional limitation of 10 per cent and, therefore, is usurious. This argument is totally without merit. Interest is a charge made for the use of money while rent is a charge made for the use of land. No loan of money was involved in this transaction; on the contrary, the transaction was one for the use and occupation of land and buildings. There is no principle of law requiring that rent for the use of land and buildings be treated as interest merely because the rent is expressed in terms of a percentage of a certain sum of money to be calculated in the future, instead of the customary flat rate. The payment required by this lease is obviously rent, not interest.

The Chancellor based his conclusion that the assignee was liable for the payment of interest upon two grounds, (1) that interest was owing to the lessor as a matter of right under the provisions of T.C.A., § 47–14–107, and, (2) whether recoverable under that statute or not, interest was allowable, in his discretion, as damages under the facts and circumstances obtaining in this case.

T.C.A., § 47–14–107, provides:
"All bonds, notes, bills of exchange, and liquidated and settled accounts, signed by the debtor, shall bear interest from the time they become due, unless it is expressed that interest is not to accrue until a specific time therein mentioned."

Since interest, was unknown at common law, it has been recognized that this statute should be confined to those obligations and demands specified by its provisions. *Equitable Trust v. Central Trust Company*, 145 Tenn. 148, 239 S.W. 171 (1922); 47 C.J.S. 17 Interest § 5 and cases there cited. Nevertheless, the statute has generally been given a somewhat less than strict construction by this Court and the Court of Appeals. *Brady v. Clark*, 80 Tenn. 323 (1883); *Endowment Rank, Knights of Pythias v. Allen*, 104 Tenn. 623, 58 S.W. 241 (1900); *People's Bank & Trust Co. v. U S F & G Co.*, 156 Tenn. 517, 3 S.W.2d 163 (1928); *Loftis v. Stuyvesant Ins. Co.*, 54 Tenn.App. 371, 390 S.W.2d 722 (1964); *Air Temperature, Inc. v. Morris*, 63 Tenn.App. 90, 469 S.W.2d 495 (1970).

■ Thus, it was said in *Brady v. Clark*, *supra*, that any written instrument, signed by the debtor, whereby he promises to pay to a person named a definite sum of money, for a valuable consideration stated, at a definite time, upon a specified condition, is within the provision of the statute, and will bear interest from the time of payment designated, upon proof of the happening of the contingency that makes the condition effective, although such writing is not, strictly speaking, one of those described in the statute. The other cases above-cited have applied the statute to contracts of life insurance, fire insurance and similar obligations. In keeping with this construction of the statute, we hold that the obligation to pay rent which is fixed under a written lease agreement comes within the statute and entitles the lessor to receive interest on the past due rent installments as a matter of right.

■ The requirement of liquidation is satisfied if the amount of the debt is certain

or can be made certain by mere computation. *Draper v. Great American Insurance Company*, 224 Tenn. 552, 458 S.W.2d 428 (1970). In this case, although some contemplated expenditures were not to be determined at the time of the execution of this lease, subsequent events reduced them to a certainty, so that, the amount was known by the time performance was due. This satisfies the requirement of liquidation. Cf., *Air Temperature, Inc. v. Morris*, 63 Tenn.App. 90, 469 S.W.2d 495 (1970).

The precise amount due under this lease was never an issue in this litigation. As soon as it was decided that the defendant was liable under the lease, the parties had no difficulty in stipulating the amount to be paid. We, therefore, affirm the conclusion of the Chancellor that the plaintiff is entitled to interest under the provisions of T.C.A., § 47–14–107.

We also concur in the conclusion of the Chancellor that, apart from the statute, interest should be awarded to the lessor under the circumstances shown in this case. It is well settled that the trial court has discretion to grant or allow the recovery of interest, as is reasonable under the circumstances of the case, although the claim asserted is not one of the class of obligations which bear interest by authority of the above discussed statute. *Third Nat. Bank v. American Equitable Ins. Co.*, 27 Tenn. App. 249, 178 S.W.2d 915 (1943); *Phoenix Ins. Co. v. Jordan*, 28 Tenn.App. 11, 184 S.W.2d 721 (1944); *Farmers Chemical Association, Inc. v. Maryland Casualty Co.*, 421 F.2d 319 (1970). It is likewise the rule that the action of the trial court in granting or denying an award of interest in such cases will not be disturbed upon appeal unless the record discloses a clear abuse of discretion. *Engert v. Peerless Ins. Co.*, 53 Tenn.App. 310, 382 S.W.2d 541 (1964).

However, the defendant relies upon the case, *Textile Workers Union v. Brookside Mills, Inc.*, 205 Tenn. 394, 326 S.W.2d 671 (1959), for the rule that no interest should be allowed on a debt which is disputed in good faith. Although good faith on the part of the defendant was a material circumstance in that case, the principal ground of decision appears to be that no reasonable basis was found for allowing interest. Nor is it true, as defendant argues and assumes, that reasonable minds are bound to conclude from this record that payment was withheld in good faith. Although it is true that this Court, on the prior appeal, determined the liability of the defendant-assignee by resolving a legal issue which was thought to be a question of first impression in this jurisdiction, that does not conclude the matter. Although the defendant-assignee may have had grounds for believing that it had a legal defense to the claim for rent, it is hard to avoid the conclusion that it was trying to use the plaintiffs' property without paying for it.

It has been said that, in determining whether or not to allow interest on an obligation, a persuasive consideration is the relative equities between the beneficiary of the obligation and the party upon whom it has been imposed and that such equities will be weighed in accordance with the judicial principle that one for whose financial advantage an obligation was assumed or imposed, and who has suffered monetary loss by another's breach of that obligation, should be fairly compensated for the loss thereby sustained. *Rodgers v. U. S.*, 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947). In our opinion, the Chancellor in this case correctly weighed the equities and determined that interest should be allowed. We, therefore, affirm the decree of the Chancellor. Costs are taxed against the appellant and surety.

COOPER, C. J., and FONES and HENRY, JJ., concur.

HARBISON, J., not participating.