# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1899

_____

Matthew Preston,                          *
                                          *
            Appellant,                    *
                                          *   Appeal from the United States
      v.                                  *   District Court for the Southern
                                          *   District of Iowa.
City of Pleasant Hill;                    *
Reylon Meeks,                             *
                                          *
            Appellees.                    *

_____

Submitted: November 4, 2010
Filed: June 21, 2011

_____

Before RILEY, Chief Judge, BYE and BENTON, Circuit Judges.

_____

RILEY, Chief Judge.

Matthew Preston alleges the City of Pleasant Hill, Iowa (Pleasant Hill) and Reylon Meeks (collectively, defendants) violated Preston's procedural due process rights when he was relieved of his responsibilities to fight, inspect, and investigate fires for the Pleasant Hill Volunteer Fire Department (VFD). The district court[1] granted defendants' motion for summary judgment and dismissed Preston's lawsuit. Preston appeals. We affirm.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

# I. BACKGROUND

## A. Summary Judgment Facts

### 1. Pleasant Hill Volunteer Fire Department

Pleasant Hill's Code of Ordinances (Code) establishes the VFD "to prevent and extinguish fires," "protect lives and property against fires," "promote fire prevention and fire safety," and answer emergency calls. Pleasant Hill, Iowa, Code § 35.01. The VFD "consists of the Fire Chief and such other officers and personnel as may be authorized by the [Pleasant Hill City] Council" (Council). § 35.02. The Council appoints the Fire Chief after giving due consideration to the recommendation of the VFD. See § 35.05. The Fire Chief is authorized to appoint 45 volunteer firefighters, who are "subject to call at any time." § 35.08(1)-(2).

In 2005, by municipal ordinance, Pleasant Hill adopted the 2003 edition of the International Fire Code (IFC) subject to certain amendments. See § 163.01. The IFC created a "Department of Fire Prevention" (Department) in Pleasant Hill "under the direction of the fire code official." The fire code official has authority to (1) enforce the IFC; (2) "render interpretations of [the IFC], and to adopt policies, procedures, rules and regulations in order to clarify the application of its provisions"; (3) receive and review construction documents and issue construction permits implicating the IFC; and (4) enter non-conforming property in accordance with the law, including a right to seek a judicial warrant. See IFC §§ 104.1-104.3.

The IFC defines the fire code official as "[t]he fire chief or other designated authority charged with the administration and enforcement of the [IFC], or a duly authorized representative." When Pleasant Hill adopted the IFC, the Council specifically provided, "The term Fire Code Official is intended to also mean the Building Official and his or her representatives or designees, who are herewith, delegated the same powers, authorities, duties and responsibilities as designated for the Fire Code Official." Pleasant Hill, Iowa, Code § 163.02(3).

"The fire code official shall be appointed by the chief appointing authority of the jurisdiction." IFC § 103.2. The adopted IFC provides, "In accordance with the prescribed procedures of [Pleasant Hill] and with the concurrence of the appointing authority, the fire code official shall have the authority to appoint a deputy fire code official, other related technical officers, [i]nspectors, and other employees." § 103.3. "[T]he fire code official shall not be removed from office except for cause and after full opportunity to be heard on specific and relevant charges by and before the appointing authority." § 103.2.

### 2. Preston

In 1993, Preston began serving as a part-time volunteer firefighter for the VFD.[2] In 1994, Pleasant Hill's then-Fire Chief assigned Preston fire investigator/inspector duties. In addition to his normal firefighting duties, the official job description for the Fire Investigator/Inspector position contemplated Preston would, "[u]nder direction, provide[] a full range of duties in fire prevention inspection, fire investigation, hazardous materials investigation, and fire safety education, to enforce state and city fire codes and ordinances." As Fire Investigator/Inspector, Preston might "assume . . . command in the absence of other commanders and to perform job related work as required."

In practice, Preston assisted others in fire investigations, inspected multi-tenant complexes, and conducted inspections for verification of liquor licenses at local

---

[2]The Code provides that "[m]embers [of the VFD] shall be designated by rank and receive such compensation as shall be determined by resolution of the Council" and "may be paid for their expenses as determined by the Fire Chief." Pleasant Hill, Iowa, Code § 35.04. Preston was paid approximately $4,500 in one year. In answers to interrogatories, Preston claimed lost past wages of $12,000, lost future wages of $150,000, and lost future earning capacity of $1.8 million and $400,000 in retirement benefits. The parties nonetheless refer to Preston as a volunteer and the VFD as an "all-volunteer" force.

drinking establishments and notified the city clerk of their completion. At his deposition, Preston admitted he did not have any authority to enforce the IFC, and only the fire chief had that authority. Preston "was not privy to" Pleasant Hill's adoption of the IFC.

At no time did the Council appoint Preston to any position within the VFD. The Council did not ratify or vote upon Preston's Fire Investigator/Inspector assignment. Preston repeatedly requested additional titles, such as "deputy fire chief," "assistant fire chief" and "fire marshal," but was refused.

### 3.    Nebulizer Incident

In January 2005, the Council appointed Meeks as Pleasant Hill's Fire Chief. In March 2008, Meeks discovered the Iowa Department of Public Health (IDPH) had placed Preston's basic emergency medical technical certification (EMT-B license) on probationary status in November 2007. The IDPH had determined that, in June 2007, Preston illegally administered an Albuterol nebulizer to a two-month-old infant. The IDPH's order placing Preston on probation required Preston to inform Meeks of IDPH's decision, but Preston failed to do so. Preston testified he initially tried to call Meeks, but "after that point, frankly, [he] had just forgotten about it."

Meeks suspended Preston from all firefighting duties for one month and relieved him of his fire investigation and inspection responsibilities. On April 7, 2008, Meeks and Preston met to discuss Preston's suspension. Preston cautioned Meeks she lacked authority to remove him from his position absent just cause. Meeks told Preston "violation of the scope of his EMT-B certification and his failure to meet the terms of probation" provided just cause for his suspension.

On April 25, 2008, at the conclusion of Preston's suspension, Meeks insisted Preston be placed on two years of probation, attend 75% of VFD training sessions, and respond to a minimum of 20% of fire calls. Preston thought these attendance

conditions were unfair and refused to agree to them. After months of unsuccessful negotiations, Preston filed this lawsuit.

### B.    Prior Proceedings

In September 2008, Preston filed a two-count petition at law against defendants in the Iowa District Court for Polk County. Preston sued Meeks in her individual capacity and her official capacity as Pleasant Hill's Fire Chief.

In Count I, Preston claims defendants violated his "United States Constitutional rights under the Fourteenth Amendment as to procedural due process rights," in violation of 42 U.S.C. § 1983. In Count II, Preston claims defendants violated his "Iowa Constitutional rights as to procedural due process rights." Preston asserts defendants unconstitutionally deprived him of a property interest when he was relieved of his responsibilities to fight, inspect, and investigate fires on a volunteer basis for the VFD.

Defendants removed Preston's petition to the federal district court, see 28 U.S.C. §§ 1441 and 1446, and moved for summary judgment, see Fed. R. Civ. P. 56. Defendants argued, among other things, that Preston lacked a property interest in his volunteer position with the VFD. Preston rejoined he was a "fire code official" under the Code and IFC and could not be fired except after a hearing and upon a showing of just cause.

In December 2009, the district court granted defendants' motion and dismissed Preston's case with prejudice. Preston filed a motion to reconsider, see Fed. R. Civ. P. 59, which the district court denied. Preston appeals.

## II.    DISCUSSION

Before considering the merits of Preston's appeal, we briefly examine the latent issue of subject matter jurisdiction. See Clark v. Baka, 593 F.3d 712, 714 (8th Cir.

-5-

2010) (recognizing "every federal appellate court has a special obligation to consider its own jurisdiction," even if it must do so *sua sponte*) (quoting McAdams v. McCord, 533 F.3d 924, 927 (8th Cir. 2008)).

### A. Jurisdiction

The district court clearly had federal question jurisdiction to adjudicate Count I, a § 1983 claim. See 28 U.S.C. § 1331. Matters are less clear with respect to Count II.

The district court conflated Counts I and II, accepting the parties' agreement "that the same analysis applies to [Preston's] claims under the United States and Iowa Constitutions." In his jurisdictional statement on appeal, Preston assumed the district court had federal question jurisdiction over Count II, explicitly averring "[t]he [d]istrict [c]ourt had federal question jurisdiction of the above captioned case under 28 U.S.C. § 1331." Defendants' brief is silent on the issue of jurisdiction.

At oral argument, the parties agreed Count II is a state claim over which the district court had supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), because Counts I and II "form part of the same case or controversy under Article III of the United States Constitution." We agree. A plaintiff may not bring a state claim under the aegis of § 1983, so if Count II states a plausible claim, our jurisdiction is predicated on § 1367(a), not § 1331. See 42 U.S.C. § 1983 (providing a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States); West v. Atkins, 487 U.S. 42, 48 (1988) (holding a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States" to state a claim under § 1983); Flynn v. Sandahl, 58

F.3d 283, 290 (7th Cir. 1995) (affirming dismissal of a § 1983 claim predicated upon a violation of the Illinois Constitution).[3]

### B.    Summary Judgment

#### 1.    Standard of Review

We review the district court's grant of summary judgment de novo. See Contemporary Indus. Corp. v. Frost, 564 F.3d 981, 984 (8th Cir. 2009). Summary judgment in defendants' favor is appropriate only if, after viewing the evidence in the light most favorable to Preston and affording Preston all reasonable inferences, there is no genuine dispute as to any material fact and defendants are entitled to judgment as a matter of law. See id.; Fed. R. Civ. P. 56(c)(2) (amended, effective Dec. 1, 2010); see Frost, 564 F.3d at 984.

#### 2.    Analysis

The parties agree that a "fire code official," as defined in the Code and IFC, has a protected property interest in his or her employment because the fire code official may be fired only for just cause after a hearing. See Hopkins v. Saunders, 199 F.3d 968, 975 (8th Cir. 1999) ("A plaintiff has a protected property interest in his employment if he can show 'that he could have been fired only for good cause.'"

---

[3]In concluding we have supplemental jurisdiction over Count II, a state law claim, we do not decide whether the Iowa Supreme Court would recognize a direct cause of action under the due process clause of the Iowa Constitution. Cf. McCabe v. Macaulay, 551 F. Supp. 2d 771, 784-85 (N.D. Iowa 2007), aff'd in part and rev'd in part on other grounds sub nom. McCabe v. Parker, 608 F.3d 1068 (8th Cir. 2010). We merely accept, as did the district court, the parties' shared assumption that "the same analysis applies to plaintiff's claims under the United States and Iowa Constitutions." But cf. Callender v. Skiles, 591 N.W.2d 182, 192 (Iowa 1999) (deciding a putative father of a child born into marriage may have standing to challenge paternity under the due process clause of the Iowa Constitution, notwithstanding the Supreme Court's contrary interpretation of the similarly worded Fourteenth Amendment in Michael H. v. Gerald D., 491 U.S. 110, 141 (1989)).

(quoting Spitzmiller v. Hawkins, 183 F.3d 912, 916 (8th Cir. 1999)). The case, therefore, turns on whether Preston was a "fire code official."[4]

Preston maintains the plain language of the IFC indicates a fire code official "includes the 'fire chief' and duly authorized representatives of the fire chief." Preston argues the summary judgment record, "which includes Meeks assigning [Preston] a portion, if not all, of a fire code official's responsibilities, is sufficient to generate a genuine issue of material fact" as to whether Preston was Meeks' "duly authorized representative" and thus a "fire code official." Preston points out the official job description for his Fire Investigator/Inspector position includes many of the responsibilities the Code and the IFC assign to a "fire code official," including investigations and inspections. Preston stresses he actually conducted many investigations and inspections, and opines anyone who does so must be a "fire code official," because "[t]he purpose of the [IFC] is to prevent individuals responsible for fire inspections or investigations from fearing political reprisal for adverse conclusions drawn during inspections." In sum, Preston maintains a reasonable jury could find he was a fire code official because, in fact, he performed some of the duties of a fire code official.

We disagree. Preston was not a fire code official. Preston cites no legal authority for the fundamental premise of his argument: namely, when a firefighter performs some of the duties of a fire code official, a genuine dispute of material fact materializes as to whether that firefighter is a fire code official. The IFC explicitly states "[t]he fire code official shall be appointed by the chief appointing authority of

_____

[4]In his opening brief, Preston argued the district court also erred in determining Preston does not have a property interest in his job merely because he was a "volunteer." The district court, however, explicitly stated "Preston's voluntary status is not a determinative factor," and defendants agree "[t]he voluntary nature of the position is irrelevant to the court's conclusion." Preston correctly concedes in his reply brief that this argument is moot.

the jurisdiction." The "chief appointing authority" is the Council, and there is no evidence in the record that the Council appointed Preston as fire code official. Cf. Iowa Code § 372.13(4) (2007) (stating city councils "may appoint city officers and employees, and prescribe their powers, duties, compensation, and terms"). In the district court Preston conceded, "The City Council did not appoint Preston to any position in the [VFD] nor was his assignment of fire inspector/investigator duties ratified or voted on by the [Council]."

In any event, it is undisputed Preston did not exercise many of the most significant responsibilities of a "fire code official." For example, Preston did not interpret the IFC, adopt policies, procedures, rules or regulations to clarify the application of the IFC, or enforce the Code. Meeks did not view Preston as a fire code official. Further, there is no evidence in the record that Meeks, in her capacity as fire code official, or anyone else, appointed Preston as Meeks' "duly authorized representative."

### C.    Motion to Reconsider
#### 1.    Standard of Review

We review the district court's denial of Preston's Fed. R. Civ. P. 59 motion for an abuse of discretion. See Anderson v. Family Dollar Stores of Ark., Inc., 579 F.3d 858, 861-62 (8th Cir. 2009) (reviewing the underlying summary judgment order de novo, but reviewing the denial of a Fed. R. Civ. P. 59(e) motion for abuse of discretion).

#### 2.    Analysis

In his Fed. R. Civ. P. 59 motion, Preston reasserted his prior arguments and tendered additional evidence to show why Pleasant Hill's motion for summary judgment should be denied. The new evidence consisted of applications Meeks tendered to the United States Department of Homeland Security (DHS) in late 2006.

The applications state Preston had ten years of "code enforcement/inspection" experience and Preston's primary responsibility with the VFD was "fire prevention."

The district court did not abuse its discretion in denying Preston's motion to reconsider. The twofold purposes of Preston's motion were improper: (1) repeating arguments the district court had already rejected in granting defendants' motion for summary judgment, and (2) belatedly bringing the DHS applications to the district court's attention, even though the DHS applications were available to Preston at the time he resisted defendants' summary judgment motion. See Concordia Coll. Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993) ("A motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment" or "to introduce new evidence that could have been adduced during pendency of the summary judgment motion.") (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)).

III.  CONCLUSION
We affirm.

BYE, Circuit Judge, concurring.

I concur in the result reached by the majority, but write separately to express discontent with the confusing maze of the International Fire Code provisions relevant to who may be considered a fire code official entitled to the protections of the Due Process Clause. Given the Code's acceptance in the growing number of U.S. jurisdictions, some clarification is desirable as to the precise scope of these provisions and the fire code officials' property interest in the continued employment with their respective fire departments.

The Code contemplates that the fire code official manages the city's Department of Fire Prevention, which implements, administers, and enforces the

provisions of the Code. See I.F.C. § 103.1 (2003 ed.) ("The department of fire prevention is established within the jurisdiction under the direction of the fire code official."). The Code defines the fire code official in the disjunctive, as "[t]he fire chief or other designated authority charged with the administration and enforcement of the code, or a duly authorized representative." I.F.C. § 202. In addition, when enacting the International Fire Code, the city of Pleasant Hill expanded this definition to include "the Building Official and his or her representatives or designees." City of Pleasant Hill Ordinance No. 635, § 163.02.03. Judging by this ordinance and by other provisions in the 2003 Code, a jurisdiction can have more than one fire code official. See, e.g., I.F.C. § 1408.2 (requiring notification of "[t]he fire chief *and* the fire code official" in the event of changes affecting the jurisdiction's prefire plans) (emphasis added); § 1703.3 (requiring notification of "[t]he fire code official *and* fire chief" if the structure is expected to be closed because of use of a toxic or flammable fumigant) (emphasis added).

The only official certain to be vested with a property interest under the Code is a fire code official appointed by the chief appointing authority of the jurisdiction – in this case, the City Council. See I.F.C. § 103.2 ("The fire code official shall be appointed by the chief appointing authority of the jurisdiction; and the fire code official shall not be removed from office except for cause and after full opportunity to be heard on specific and relevant charges by and before the appointing authority."). Beyond that, questions abound. For example, the Code empowers the fire code official to "appoint a deputy fire code official, other related technical officers, inspectors and other employees," but specifies the appointment must be "with the concurrence of the appointing authority." I.F.C. § 103.3. It is unclear, then, whether the deputy fire code official appointed with the concurrence of the City Council, see I.F.C. § 103.3, is entitled to the same due process protections as the fire code official expressly appointed by the City Council, see I.F.C. § 103.2. Nor is it clear whether one needs the City Council's concurrence to qualify as the fire chief's duly authorized representative, a fire code official under § 202 of the Code. There also remains a

-11-

question of whether an official who did not receive the formal blessing of the City Council but was authorized by the Fire Chief to perform some of her tasks enjoys the powers conferred on the fire code official elsewhere in the Code. See, e.g., I.F.C. § 104.1 (giving the fire code official authority to enforce and interpret provisions of the Code); § 104.3 (giving the fire code official the right of entry to conduct a fire inspection). Finally, it is unclear whether the for-cause termination provision would protect Pleasant Hill's building official, who does not have to be appointed by the Pleasant Hill City Council. See City of Pleasant Hill Ordinance No. 635 (requiring the City Council's appointment of the Fire Chief, but not the building official).

These questions are difficult to answer, for there is virtually no commentary or case law interpreting the provisions of the Code. The International Building Code, which has been litigated more frequently, does not aid the discussion either, because it does not confer a property interest on the building official. See Int'l Bldg. Code § 103.2. Ultimately, I believe the majority is correct that Preston does not have a protected property interest in the job because the City Council never took any formal action concerning his appointment. I am concerned, however, that this interpretation frustrates the intent of the developers of the Code and does not go far enough to protect fire code officials from political pressures on the part of their employers. I also fear the restrictive reading of the term "fire code official" will pose barriers to effective enforcement of the Code by limiting the jurisdiction's enforcement cadre. Accordingly, I urge the International Code Council and the individual jurisdictions that adopt the Code to resolve the ambiguities found in the relevant provisions.

_____