# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 12-3425

———————————————

Linda Williamson,
on behalf of herself and all others similarly situated

*Plaintiff - Appellant*

v.

Hartford Life and Accident Insurance Company

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

——————————

Submitted: April 9, 2013
Filed: June 19, 2013
[Published]

——————————

Before COLLOTON and SHEPHERD, Circuit Judges, and ROSE,[1] District Judge.

——————————

ROSE, District Judge.

Plaintiff-Appellant Linda Williamson ("Williamson") filed this action on behalf of herself and all others similarly situated, seeking interest on benefits she

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa, sitting by designation.

received under an Accidental Death and Dismemberment ("ADD") insurance policy issued by Defendant-Appellee Hartford Life and Accident Insurance Company ("Hartford"). The parties filed cross-motions for summary judgment, and the district court[2] reached a decision on the merits before ruling on whether to certify the class. The district court granted Hartford's motion and denied Williamson's motion. The district court determined that the policy is predominantly a group policy issued to a group policyholder in Tennessee, so the law of Tennessee applies to the dispute regarding whether interest is owed. The district court concluded that Hartford does not owe interest because the policy affords Hartford the right to investigate claims, and interest would not be "due" until completion of the investigation of any given claim. The district court then denied Williamson's motion to amend the judgment. We affirm, although with different reasoning than that employed by the district court.

## I. BACKGROUND

Williamson's spouse was killed in an automobile accident on September 12, 2007, and she received benefits under ADD insurance policy number ADD-10900, issued by Hartford. Appellant's App. at 79, 80, 85, 88, 111. Over 14 months elapsed from the date of the claim to the date of payment. Id. at 97-99, 80, 111. Hartford did not pay any interest on the claim. The policy does not provide for interest. Id. at 57-74.

Williamson filed this action on behalf of herself and the alleged approximately 13,000 similarly situated beneficiaries who were not paid interest by Hartford on their paid claims under ADD-10900. Id. at 12-18, 240. Williamson seeks, inter alia, a declaratory judgment that Hartford must pay interest on claims for benefits under Tennessee Code Annotated section 47-14-109. Id. at 17-18. No judgment has been

---

[2]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

-2-

entered against Hartford in this matter and there is no dispute that Williamson's benefits were paid. Williamson seeks "pre-judgment interest as provided by law," although it is not clear whether this is a separate period of interest from the statutory interest sought. Id. at 18, 359. Jurisdiction is premised on diversity. Id. at 12-13.

## II. STANDARDS OF REVIEW

We review the district court's grant of summary judgment de novo. Reuter v. Jax Ltd., Inc., 711 F.3d 918, 919-20 (8th Cir. 2013) (citation omitted). Summary judgment is appropriate only if, after viewing the evidence in the light most favorable to the non-movant and affording the non-movant all reasonable inferences, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Preston v. City of Pleasant Hill, 642 F.3d 646, 651 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 56(a). We also conduct de novo review of the district court's interpretation of state law, Orion Fin. Corp. of S.D. v. Am. Foods Group, Inc., 281 F.3d 733, 738 (8th Cir. 2002) (citation omitted), and the interpretation of contractual provisions of an insurance policy. Fuller v. Hartford Life Ins. Co., 281 F.3d 704, 706 (8th Cir. 2002) (citation omitted).

## III. DISCUSSION

The parties disagree on whether Tennessee law or Missouri law applies.[3] Within each state's law, however, the parties agree on the particular state statutes that govern Williamson's claim for interest. This Court need not decide the choice-of-law

---

[3]Williamson questions Hartford's ability to raise the choice-of-law issue and other arguments beyond those raised in her appeal, as Hartford did not file a cross-appeal. Without filing a cross-appeal, an appellee may defend a judgment on any ground consistent with the record, even if rejected or ignored in the lower court. Spirtas Co. v. Nautilus Ins. Co., No. 12-3315, 2013 WL 2149902, at *2 (8th Cir. May 20, 2013) (quotation omitted). Thus, Hartford's issues may be raised.

question because whichever statute applies, Williamson's claim fails.[4]  We hold that Williamson is not entitled to interest under either state's statute.

## A. Missouri Law

The Missouri statute provides:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys <u>after they become due and payable</u>, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

Mo. Rev. Stat. § 408.020 (2000) (emphasis added).  Pursuant to the statute, creditors shall be allowed to receive interest for all moneys after they become "due and payable." <u>Id.</u>  Williamson does not dispute Hartford's argument that under Missouri law and the policy language, Hartford paid the benefit to her when it was payable. Under Missouri law, Williamson is not entitled to interest.

## B. Tennessee Law

Assuming that Tennessee law applies, the parties dispute whether subsection (b) or (c) of Tennessee Code Annotated section 47-14-109 applies to interest on an insurance benefit.  Subsection (c) states: "In all other cases, the time from which

---

[4]The parties could have avoided ambiguity by including a choice-of-law provision in the policy.

interest is to be computed shall be the day when the debt is <u>payable</u>, unless another day be fixed in the contract itself." Tenn. Code Ann. § 47-14-109(c) (2001) (emphasis added). Pursuant to the statute, unless the contract states otherwise, interest begins to run when the debt is "payable." <u>Id.</u> For purposes of this case, we hold that the debt was "payable" at the time of payment designated in the policy.[5] Hartford paid the benefit to Williamson within the time of payment designated in the policy. <u>See</u> Appellant's App. at 73, 80. Williamson is not entitled to interest under subsection (c).

Subsection (b) states: "Liquidated and settled accounts, signed by the debtor, shall bear interest from the time they become <u>due</u>, unless it is expressed that interest is not to accrue until a specific time therein mentioned." Tenn. Code Ann. § 47-14-109(b) (2001) (emphasis added). Assuming without deciding that (b) applies, the question is whether the word "due" means interest accrues at an earlier time than when it is "due and payable." As a federal court sitting in diversity, our role is to interpret state law, not to fashion it. <u>Orion Fin. Corp. of S.D.</u>, 281 F.3d at 738. This Court's task with respect to an unsettled issue of state law "is to predict how the highest court in the state would rule on the issue." <u>Smith v. Chem. Leaman Tank Lines, Inc.</u>, 285 F.3d 750, 754 (8th Cir. 2002) (citation omitted). A federal court must follow the announced state law in a diversity action unless there are very persuasive grounds for believing the state's highest court would no longer adhere to it. <u>Id.</u> at 755 (quotation omitted).

---

[5]The policy states: "Time of Claim Payment: We will pay any benefit due as soon as possible after we receive proof of loss and other forms that may be necessary to adjudicate the claim." Appellant's App. at 73.

In a 1977 decision, the Tennessee Supreme Court stated:

> any written instrument, signed by the debtor, whereby he promises to pay to a person named a definite sum of money, for a valuable consideration stated, at a definite time, upon a specified condition, is within the provision of the statute, <u>and will bear interest from the time of payment designated, upon proof of the happening of the contingency that makes the condition effective</u> . . . .

Performance Sys., Inc. v. First Am. Nat'l Bank, 554 S.W.2d 616, 618 (Tenn. 1977) (emphasis added).[6]  The Tennessee Court of Appeals applied Performance Systems to section 47-14-109(b) in Jaffe v. Bolton, 817 S.W.2d 19, 28 & n.1 (Tenn. Ct. App. 1991).  Jaffe applied the first part of the above quotation from Performance Systems ("any written instrument . . . upon a specified condition") in determining that a fixed obligation to pay installments of rent pursuant to a lease agreement comes within the import of the statute and entitles the plaintiff to receive prejudgment interest as a matter of right.  817 S.W.2d at 28 & n.1 (citing Performance Sys., Inc., 554 S.W.2d at 618).  Jaffe demonstrates the Tennessee Court of Appeals's use of Performance Systems to interpret the statute.

Relying upon Performance Systems as a predictor, the Tennessee Supreme Court would likely construe "due" in section 47-14-109(b) to mean the time of

---

[6]The court quoted from the statute in existence at the time, Tennessee Code Annotated section 47-14-107: "All bonds, notes, bills of exchange, and liquidated and settled accounts, signed by the debtor, shall bear interest from the time they become due, unless it is expressed that interest is not to accrue until a specific time therein mentioned."  Performance Sys., Inc., 554 S.W.2d at 618.  With the exception of the beginning language regarding all bonds, notes, and bills of exchange, the language is the same as the current section 47-14-109(b).

payment designated in the policy. In other words, the Tennessee Supreme Court would not likely interpret "due" to mean the date of loss. The court would likely decide that the word "due" does not mean interest accrues at an earlier time than when it is "due and payable." Regarding the time of payment designated, the policy at issue states: "Time of Claim Payment: We will pay any benefit due as soon as possible after we receive proof of loss and other forms that may be necessary to adjudicate the claim." Appellant's App. at 73. As stated previously, Hartford paid the benefit to Williamson within the time of payment designated in the policy. See id. at 73, 80. Under subsection (b), therefore, Williamson is not entitled to interest.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

_____