SHEPHERD, Circuit Judge, dissenting.
*1222 The majority opinion, in recognizing second-hand service for personal service of process, adopts a rule of law that I believe the Minnesota Supreme Court has repeatedly indicated it would not adopt. Because the majority's conclusion is inconsistent with our role and duty as a Court sitting in diversity jurisdiction, I respectfully dissent.
As a federal court sitting in diversity, our role is to interpret state law, not to fashion it. This Court's task with respect to an unsettled issue of state law is to predict how the highest court in the state would rule on the issue. A federal court must follow the announced state law in a diversity action unless there are very persuasive grounds for believing the state's highest court would no longer adhere to it.
Williamson v. Hartford Life & Accident Ins. Co., 716 F.3d 1151, 1154 (8th Cir. 2013) (internal quotation marks and citations omitted).
Although the Minnesota Supreme Court has never addressed this precise issue-the sufficiency of second-hand service in the context of personal service-it has expressly rejected second-hand service for substitute service of process. See Thiele v. Stich, 425 N.W.2d 580, 584 (Minn. 1988) ; Murtha v. Olson, 221 Minn. 240, 21 N.W.2d 607, 610 (1946) ; Berryhill v. Sepp, 106 Minn. 458, 119 N.W. 404, 404 (1909). The majority acknowledges this case law, but concludes that it is not the best evidence of how the Minnesota Supreme Court would resolve the issue currently before us. I disagree. The Minnesota Supreme Court's rejection of second-hand service for substitute service leads me to conclude that it would be similarly unwilling to recognize the rule that the majority adopts here.
I also note the practical implications of the majority's ruling. In adopting the rule that personal service can be accomplished through second-hand service, the majority sanctions, in effect, the deputizing of neighbors, friends, or even near-strangers as process servers, so long as these individuals were aware that they had a summons and complaint and intended to provide it to the proper party. Given that the Minnesota Supreme Court has long held that Minnesota service of process rules demand strict compliance, see Jaeger v. Palladium Holdings, LLC, 884 N.W.2d 601, 609 (Minn. 2016) (Stras, J.); Berryhill, 119 N.W. at 404 (Minn. 1909), I would not adopt a reading of Minnesota law that would yield such a result.
Following "the announced state law," and given that I do not see "very persuasive grounds" for believing that the Minnesota Supreme Court would change course from its earlier precedent, Williamson, 716 F.3d at 1154, I cannot conclude that the Minnesota Supreme Court would adopt second-hand service for personal service of process. I would affirm the order of the district court dismissing the complaint for insufficient service of process. I respectfully dissent.