# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2449
_____

Jill Gordon, as Trustee for the Next of Kin of Ryan Martin, Deceased

*Plaintiff - Appellant*

v.

Sappi North America, Inc., formerly known as S.D. Warren Company

*Defendant - Appellee*

Potlatchdeltic Forest Holdings, Inc., formerly known as Potlatch Forest Holdings, Inc.; Potlatch Corporation, also known as Potlatch Operating Company; Potlatch Forest Holdings, Inc.; John Doe Premise Owners, Controllers, AND/OR Operators I-X; John Doe "Sappi Fine Paper" Entity(ies) I-X; John Doe Entity(ies) with control over the Sappi Cloquet, Minnesota mill's budgets relating to engineering controls & safety equipment related to hydrogen sulfide hazards and/or emissions I-X; John Doe Entity(ies) who assumed duties for worker health and safety regarding hazards of hydrogen sulfide gas I-X; John Doe "Sappi Fine Paper North America" Entity(ies) I-X; John Doe Sappi North America Entity(ies) I-X; John Doe Product Suppliers I-X; Potlatchdeltic Land and Lumber, LLC; Clearwater Paper Corporation, formerly known as Potlatch Forest Products Corporation; Potlatch John Doe and its successor(s)

*Defendants*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: January 25, 2024
Filed: January 30, 2024
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jill Gordon, as next of kin for her deceased brother, Ryan Martin, appeals the district court's adverse grant of summary judgment on her negligence and products liability claims against Sappi North America, Inc. (Sappi NA).  Upon careful de novo review, see Engineered Sales Co. v. Endress & Hauser, Inc., 980 F.3d 597, 599 (8th Cir. 2020) (standard of review), we vacate and remand for further proceedings.

The parties' sole dispute on appeal is whether Sappi NA and its wholly-owned subsidiary, Sappi Cloquet, LLC, were engaged in the accomplishment of the same or related purposes in operating the paper mill where Martin died; if so, Gordon's collection of workers' compensation benefits from Sappi Cloquet would bar her claims against Sappi NA under the election-of-remedies provision in the Minnesota Workers' Compensation Act (MWCA).  See Minn. Stat. § 176.061, subd. 1 (if death for which benefits are payable occurs under circumstances which create damages liability on part of party other than employer, and at time of death that party carried workers' compensation insurance, employee's dependents may proceed either at law against that party to recover damages or against employer for benefits, but not against both), subd. 4 (this provision applies only if employer liable for benefits and other party liable for damages are insured and are engaged, in due course of business, in: (1) furtherance of common enterprise, or (2) in accomplishment of same or related purposes in operations on premises where injury was received at time of injury).

The Minnesota Supreme Court has interpreted the "accomplishment of the same or related purposes" prong of the statute to require that, at the time and place of the worker's injury, the employer and the third party were engaged on the same project that exposed their employees to the same or similar hazards; thus, the third party must have had employees working at the site where the injury occurred. The Court expressly overruled its prior cases assigning the "same or related purposes" prong any independent meaning. See Crawford v. Woodrich Constr. Co., 57 N.W.2d 648, 653 (Minn. 1953). Sappi NA admits that it had no employees working at the mill when Martin died, and thus the election-of-remedies provision would not apply under the reasoning of Crawford. We are bound by this interpretation of the statutory language unless there are very persuasive reasons for believing the Minnesota Supreme Court would no longer follow it, see Williamson v. Hartford Life & Accident Ins. Co., 716 F.3d 1151, 1154 (8th Cir. 2013), and we have found no such reasons.

First, we conclude that the Minnesota Supreme Court's post-Crawford acknowledgment of both prongs of the statute--in footnotes of opinions deciding other issues--amounts to non-binding dicta that would not displace the holdings of Crawford and related cases. See Kelly ex rel. Washburn v. Kraemer Constr., Inc., 896 N.W.2d 504, 513 n.2 (Minn. 2017) (in case determining that plaintiff's employer and third party were engaged in common enterprise, noting that election-of-remedies provision also applies when they are engaged in accomplishment of same or related purposes); Minn. Brewing Co. v. Egan & Sons Co., 574 N.W.2d 54, 61 n.10 (Minn. 1998) (en banc) (in case deciding that employer asserting subrogation right under MWCA could not collect from third party engaged in common enterprise without proving third party's negligence, noting that election-of-remedies provision also applies where they are engaged in accomplishment of same or related purposes); see also Jaeger v. Palladium Holdings, LLC, 884 N.W.2d 601, 610-11 (Minn. 2016) (statement in prior opinion, which did not address or overrule precedent, was not necessary to decision and constituted non-binding dictum).

Second, the district court noted that Crawford was based in part on a liberal construction of the MWCA, see Crawford, 57 N.W.2d at 653 n.2, and that interim MWCA amendments direct even-handed rather than liberal construction, see Minn. Stat. §§ 176.001 (legislature's intent is that common-law rule of liberal construction shall not apply; MWCA is not to be given broad liberal construction in favor of employee, nor are rights and interests of employer to be favored over those of employee), 176.021, subd. 1a (questions of law arising under MWCA shall be determined on even-handed basis in accordance with § 176.001).  We conclude, however, that these amendments do not justify deviation from Crawford, as they did not specifically address the election-of-remedies provision or any of its interpreting cases.  See Smith v. Chem. Leaman Tank Lines, Inc., 285 F.3d 750, 754-55 (8th Cir. 2002) (state supreme court's interpretation of workers' compensation statute remained in effect, notwithstanding interim statutory amendments imposing strict rather than liberal construction, as amendments did not explicitly address statute, legislature had not altered statute nor expressed intent to change court's interpretation, and court had continued to cite its prior interpretation in cases decided after amendments).  Further, the Minnesota Supreme Court has not applied the revisions to the "same or related purposes" language.  See O'Malley v. Ulland Bros., 549 N.W.2d 889, 894 (Minn. 1996) (en banc) (acknowledging MWCA amendments required even-handed rather than liberal construction of statutes, but not addressing whether amendments affected prior interpretation of "same or related purposes" prong, as parties disputed only "common enterprise" prong).

Third, we do not find Crawford and its related cases distinguishable on the basis that they involved unrelated employers and third parties who interacted in "horizontal" business relationships, rather than parent and subsidiary corporations engaged in a "vertical" relationship.  While it appears the Minnesota Supreme Court has not previously applied the Crawford rule to a case involving a subsidiary employer and a third-party parent company, the broad language of its decisions

indicates it would not decide such a case differently.  See Newland v. Overland Express, Inc., 295 N.W.2d 615, 620 (Minn. 1980) (en banc) (defendant trucking company was not entitled to election-of-remedies defense where it did not own tractors or hire drivers directly and it had no employees working with plaintiff driver's employer that were subject to same hazards); Crawford, 57 N.W.2d at 653 (concluding that statutory phrases "common enterprise" and "accomplishment of same or related purposes" no longer have independent significance, and expressly overruling decisions applying "accomplishment of same or related purposes" phrase).

Finally, we find no merit to Sappi NA's argument that applying the interpretation set forth in Crawford will allow Gordon to obtain a double recovery, as the MWCA includes offset provisions.  See Minn. Stat. § 176.061, subd. 5(b) (if injured employee brings action against third party and obtains judgment, employer may deduct from benefits payable the amount actually received by employee; if injured employee receives benefits from employer, employer is subrogated to rights of employee or has right of indemnity against third party regardless of whether such benefits are recoverable by employee at common law).

As there are not sufficient reasons to believe the Minnesota Supreme Court would decline to follow Crawford, and as Sappi NA admitted that it had no employees working on site at the mill when Martin died as required by the Crawford rule, we conclude that Gordon's claims are not barred by the MWCA's election-of-remedies statute.  Accordingly, we vacate the judgment of the district court, and remand for further proceedings consistent with this opinion.

_____